New-Haven,
July, 1844.

Wallingford
v.
Southington.

16   431
66   139

## The town of WALLINGFORD *against* The town of SOUTH-INGTON.

The rule for determining whether a person was in a condition to need assistance as a pauper from, and to become chargeable to, the town in which he resided, so as to prevent his gaining a settlement therein, by six years residence, does not depend upon the question whether he was the owner of real estate, or of property liable to be taken on execution, but whether he owned estate of some substantial value, which could be reasonably appropriated, and made to contribute to the support of himself and family, otherwise than it did, as it was then occupied.

And this is a question of *fact*, proper to be submitted to the jury.

THIS was an action for the support of a pauper ; tried, on the general issue, at *New-Haven*, October term, 1843, before *Church*, J.

In the year 1800, *Joel Tryon*, then a settled inhabitant of the town of *Southington*, in this state, went, with his family, to reside in *Berlin*, and continued constantly to reside in that town until the year 1809 ; and the defendants claimed, that during all this period, he supported himself and family, and was not chargeable to any town, in consequence of which he gained a settlement in *Berlin*.

The plaintiffs claimed and offered evidence to prove, that in the year 1805, and at other times between 1800 and 1809, the town of *Berlin* furnished support to *Tryon* and his family, to the amount of a few dollars, to assist in supporting them, he being, at those times, poor and unable to support himself; and that so he became chargeable to the town of *Berlin*.

To repel this claim of the plaintiffs, the defendants claimed and offered evidence to prove, that at the times when such supplies were furnished, *Tryon* owned and possessed real estate in *Berlin*, liable to be taken on execution, of the value of more than 100 dollars, and of far greater value than all the supplies claimed to have been furnished, consisting of two roods and sixteen rods of land, and a small dwelling-house, in which he and his family lived. And the defendants insisted, that if these facts were proved, *Tryon* and his family did not become legally chargeable to the town of *Berlin*, but might, notwithstanding that town had furnished such supplies, gain a settlement therein, by a residence of six years ; and the defendants prayed the court so to instruct the jury.

*New-Haven,*
*July, 1844.*

Wallingford
*v.*
Southington.

The plaintiffs claimed, that the property owned and possessed by *Tryon*, was of very little, if of any, value; that it would have been unreasonable to sell such property for the purpose of applying the avails to the support of *Tryon*, thereby depriving him and his family of the shelter which it afforded them; and that, under these circumstances, he might become legally chargeable to the town of *Berlin*, when the supplies were furnished.

The court charged the jury, that *Tryon* gained a settlement in the town of *Berlin*, by an admitted residence therein of more than six years, unless they should find, that within such period of six years, the town of *Berlin* furnished him supplies to assist in the support of himself and family, in the manner claimed by the plaintiffs; and that, in such case, he did not gain a settlement, by such six years residence, unless they should further find, that at the time of furnishing the supplies, he owned estate of some substantial value, which, in their judgment, could be reasonably appropriated and made to contribute to the support of himself and family, otherwise than it did, under all the circumstances of the case, and considering that by such appropriation, they would be deprived of the shelter, which the dwelling-house afforded them.

The jury returned a verdict for the plaintiffs; and the defendants moved for a new trial for a misdirection.

*C. A. Ingersoll*, in support of the motion, contended, 1. That upon the facts found, *Tryon* was never chargeable to the town of *Berlin*, or to any other town, during his residence in *Berlin*, as he had an available fund equal to his existing necessities. *Stewart* v. *Sherman*, 4 *Conn. R.* 553. 5 *Conn. R.* 244. Supplies furnished under such circumstances, if requested by him, were furnished upon his credit; if not requested, were gratuitous. *Lebanon* v. *Hebron*, 6 *Conn. R.* 47.

2. That whether he became legally chargeable to the town, is a conclusion of *law* from the facts existing at the time. As between these parties, it is matter of strict right, unaffected by any considerations of policy or economy in respect to the future condition of the supposed pauper.

3. That consequently, the court erred, in this case, in submitting to the jury, whether it was reasonable to require the

ordinary application of *Tryon's* property to his support. The law nowhere recognizes that question as the test of poverty or necessity. Such a rule would be exceedingly unsafe and unsatisfactory in practice.

4. That the court also erred, in directing the jury to consider, that such application of the property would deprive him and his family of the shelter, which his house afforded them.

*Baldwin,* contra, insisted, That the charge, under the circumstances of the case, was unexceptionable. The jury, under the direction of the court, have found, that at the time the supplies were furnished, *Tryon* was poor and unable to support himself and his family ; and that he owned no estate of any substantial value, which, in their judgment, could be reasonably appropriated and made to contribute to their support, otherwise than it did, by affording them a shelter. The language of the statute is, that the town shall support their inhabitants, " *who may need relief.*" *Stat.* 393. (ed. 1808.) Other forms of expression are " all poor and impotent persons, that have not estate sufficient for their support," &c. *Stat.* 363. *s.* 2. (ed. 1838.)—" poor and unable to support himself." *Stat.* 364. *s.* 5. (ed. 1838.) It is no where said, that a person shall not, under any circumstances, receive relief from the town, so long as he has any estate liable to execution to the amount of that relief. The property may be more beneficially employed, in affording such partial relief as it is adapted to give, than it could be, by being converted into money, or exchanged for necessaries of any other kind.

The propriety and reasonableness of its application in any particular manner, will depend upon the circumstances of the pauper and his family, and can be properly determined only by the jury. The pauper may have a dollar's worth of wheat flour, which is not exempt from execution, and may need wood for his fire, or medical attendance ; shall he sell one article of necessity of little value, simply because it is not exempt from execution, in order to supply himself with other articles of necessity of a different character ? If he has an unreasonable supply of articles of necessity of one sort, whether exempt from execution or not, he may be required to sell or exchange a portion of it for other articles, before he can call on the town for aid. But of the circumstances which

*New-Haven,*
*July,* 1844.

Wallingford
*v.*
Southington.

shall render it proper or reasonable to do so, the jury are the proper judges.

In the case of *Stewart* v. *Sherman,* 4 *Conn. R.* 556. the pauper owned a note of 96 dollars, which was in the possession of the plaintiff, at the time he furnished the relief, and was convertible, at any time, into money.

The select-men are authorized, by statute, to sell personal estate of a deceased pauper, not exceeding 30 dollars, without administration,—showing that ownership of property to that amount, is not incompatible with the condition of a pauper. *Stat.* 368. (ed. 1838.)

WAITE, J.   The pauper, in this case, having resided in the town of *Berlin,* for a period of more than six years, by our statute, gained a settlement there, unless within that time he had become *chargeable* to the town for support.   *Stat. tit.* 53.   That he had become thus chargeable, was claimed by the plaintiffs, and denied by the defendants.   Some small supplies, it seems, were furnished within the six years ; but the defendants insisted, that at the time, the pauper had property sufficient to furnish him with all the necessaries required by him and his family.

We fully agree, that as between these towns, the plaintiffs' right to recover is matter of strict right, depending entirely upon the positive provisions of the statute ; that if the pauper, when the supplies were furnished, had property sufficient to enable him to procure all the necessaries he and his family required, they did not become *chargeable* to the town, within the meaning of the statute ; and supplies, furnished under such circumstances, did not preclude the pauper from gaining a settlement in *Berlin,* by virtue of his six years residence therein.

But we cannot yield our assent to the claim, that in all cases, the rule for determining whether a person is in a situation entitling him to assistance from the town, as a pauper, depends upon the question whether he is the owner of property liable to be taken upon execution.   Ordinarily, perhaps, a person who has no other property, has no more than he needs.   Still however, it may be, that under certain circumstances, he may well spare some of these articles, and with them furnish others more necessary.   And upon the other

hand, articles may be necessary, which are not by law exempt *New-Haven,* *July, 1844.* from execution.

Wallingford *v.* Southington.

The statute relating to the levies of executions furnishes a general rule upon that subject. That relating to the support of paupers, requires, that they should be furnished only with such things as they actually need for their support.

With respect to the ownership of real estate, we agree, that that circumstance furnishes strong evidence that the owner is not a pauper. But we do not consider it, in all cases, conclusive evidence upon that subject. A man may need a habitation for his family, as much as food for his children, or fuel to keep them warm ; but as such habitation is not, like the food and the fuel, consumed in the use, it is not ordinarily necessary that he should be the owner of the house in which he dwells.

In cities, a dwelling-house no better than might reasonably be required for the accommodation of a poor man's family, might be of very considerable value. By a sale or mortgage of it, all the necessaries required for the family, might be supplied, including the use of a suitable habitation. Under such circumstances, it would be unjust to subject a town for the support of that family, where they had the means of supplying themselves.

But on the other hand, we cannot think, that the law upon this subject is so rigid, that if a poor man owns a miserable hovel, used as a shelter for his family, he must sell it, provided it is of any value whatever, before he can properly call upon the select-men of a town to assist him in procuring medicine and bread for his sick and famishing children. The trouble and expense of selling the house, procuring another, and removing the family, might be more than could possibly be realized from such sale.

Such a rule would be harsh and inconvenient. It is not within the letter of our statutes relating to the support of paupers, and we think not within their meaning.

The law must have a reasonable construction. The overseers of the poor are bound to conduct fairly ; and while they have no power to subject towns to the expense of supporting persons, who have the means of doing it themselves, they are not precluded, by any technical rules, from assisting those who are actually poor and needy, and have no such means.

*New-Haven,*
*July, 1844.*
———————
Wallingford
*v.*
Southington.

It seems to us, that the instruction given to the jury, by the judge on the circuit, places this matter upon the true ground. He told them, that *Tryon* gained a settlement in *Berlin*, by his admitted residence there for more than six years, unless they found, that when the supplies were furnished, he owned estate of some substantial value, and which, in their judgment, could reasonably have been appropriated, and made to contribute to the support of *Tryon* and his family, otherwise than it did, under all the circumstances of the case.

The jury having found in favour of the plaintiffs, the inference to be drawn from the charge and the verdict, is, that the jury found, that the estate owned by *Tryon* was not of any substantial value, and could not reasonably have been made to contribute to the support of the family otherwise than it did.

If such were the facts, was it unreasonable or improper for the town of *Berlin* to furnish the family with other necessaries which they required ?   We cannot say that it was.

It is true, the instruction was not given in the language of the defendants' claim; nor was that necessary.   It is enough, that the law was so presented to the jury as to enable them to apply the true principles that governed the case.

Upon the whole, we do not advise a new trial.

In this opinion the other Judges concurred.

New trial not to be granted.