M. DELANCY BELLOWS, Superintendent, etc., *v.* DAVID COURTER, Overseer, etc.

*Supreme Court, Fifth Department, General Term, June 22, 1889.*

*Poor and poor laws.*—In order to sustain an action brought under the provisions of sections 59, 61, title 1, chapter 20, part 1, R. S., the statute requires that the person removed or removing must be a pauper at the time of his removal to the county in whose behalf the proceeding is taken.

Motion made by plaintiff for a new trial on a case and exceptions ordered to be heard in the first instance at general term.

*J. B. Hammond*, for the motion.

*J. W. Dunwell*, opposed.

DWIGHT, J.—The action was by the superintendent of the poor of the county of Seneca against the overseer of the poor of the town of Macedon, in Wayne county, to recover the expenses incurred by the former county in furnishing temporary relief to the family of one H. E., then and for nearly a year before that time resident in the town of Tyre

in Seneca county. H. E. came from Macedon where he had lived two years, during which time, and while in Tyre, until his application for the relief above mentioned, he had always supported himself and his family by his labor. At the time of that application his wife had just died, after giving birth to twin boys; he had no accumulated property and found himself without means to bury his wife and provide for the immediate wants of his six children, the eldest of whom was twelve years of age. The plaintiff, as superintendent of the poor of Seneca county, having furnished the needed temporary assistance, served upon the predecessor in office of the defendant, as overseer of the poor of Macedon, a notice in which he described H. E. and his children as seven paupers · who had come or strayed or been improperly sent or brought from the town of Macedon in Wayne county, into the county of Seneca, without legal authority or right, with the effect and intent to make the county of Seneca chargeable· with their support.

And he notified the defendant's predecessor forthwith to take charge of such paupers and remove them to his town and county, and pay the expense of such notice and of the support of such paupers. The defendant's predecessor responded by denying " the supposed improper removal of H. E. and his six infant children, in the manner and with the intent alleged in said notice," and the plaintiff thereupon brought this action, alleging in his complaint that H. E. was a pauper when he " came, or strayed, or was improperly brought " from Macedon to Tyre.

The fault of the plaintiff's case, as made on the trial, was that the last mentioned allegation was not only not established but was admitted to be false. When H. E. removed from Macedon he was not a pauper, and never had been. He was a self-supporting citizen of Wayne county, with as good a right to select his residence and remove from one county to another as any other citizen of the state.

The attempt to charge the expense of the relief of his

family in Seneca county upon the town of Macedon, including the bringing of this action, was in supposed compliance with the provision of sections 59 to 62 of title 1, chapter 20, par 1, of the Revised Statutes (1 R. S. 628–9), as amended by chapter 546 of the Laws of 1885. For a better understanding of the scope and application of those provisions it may he useful to glance at some of the earlier provisions of the same title which, as enacted in the Revised Statutes, was apparently intended to contain a complete scheme for the care and relief of the poor of the state.

Section 24 (1 R. S.620, provides for the determination by the board of supervisors of any county to abolish the distinction between town and county poor in such county. Section 28 provides that in all the counties in which such distinction is not abolished, " the poor having a settlement in any town in such county shall be supported at the expense of such town, and the poor not having such settlement shall be supported by the county in which they may be." Section 29 provides that residence in any town for one year shall constitute a settlement in such town.

Section 31 reads as follows: " No person shall be removed as a pauper from any city or town to any other city or town of the same or any other county, nor from any county to any other county, but every poor person shall be supported in the town or county where he may be, as follows:

*First.* If he had gained a settlement in any town in such county he shall be maintained by such town.

*Second.* If he hath not gained a settlement in the county in which he shall become poor, sick or infirm, he shall be supported and relieved by the superintendents of the poor at the expense of the county.

*Third.* If such person be in a county where the distinction between town and county poor is abolished, he shall, in like manner, be supported at the expense of the county, and in both the cases aforesaid proceedings for his relief shall be had as hereinafter directed.

24

*Fourth.* If such pauper be in a county where the respective towns are liable to support their poor, and hath gained a settlement in some other town of the same county than that in which he may then be, he shall be supported at the expense of the town where he may be, and the overseer shall give notice in writing to the overseers of the town to which the pauper shall belong, requiring them to provide for the relief and support of such pauper.

The two following sections provide for the case of a controversy between the towns mentioned above as to the fact of settlement, and constitute the superintendents of the poor of the county a tribunal to hear and determine such controversy, whose decision shall be final and conclusive. And section 34 gives to the board of supervisors of the county power to levy a tax on the town against which the adjudication is made, to pay the expenses incurred by the town which has supported the pauper properly chargeable to the former.

Two things are made entirely clear by the provisions of the statute so far quoted:

*First.* That the question of the settlement of any poor person or pauper is to be considered, in determining the question of liability for his support, only as between two towns of the same county (which are liable for the support of their own poor), or as between such a town and the county to which it belongs; and, *second*, that every poor person who has not a settlement in some town of the county in which he becomes poor, must be supported or relieved at the expense of that county; and we shall see that these rules are not changed by subsequent provisions of the statute, even as amended by modern and short lived legislation.

Section 58 of the same title (1 R. S. 628) defines a misdemeanor. It consists of transporting, removing, or enticing to remove, any poor person from any city, town or county to any other city, town or county, without legal authority,

and there leaving such poor person, with intent to make
the city, town or county to which he is so removed charge-
able with the support of such pauper.  The section also
imposes a penalty for such act, to be recovered by the
overseers of the poor of the town, or the superintendents
of the poor of the county to which the pauper shall be so
removed.

An essential element of the offense so defined is the crim-
inal intent to subject a city, town or county not legally
chargeable herewith, to the expense of the support of a
pauper.

In the Revised Statutes these criminal and penal provi-
sions were supplemented by the provisions of the four suc-
ceeding sections (sections 60, 61, 62 and 63), the purpose of
which was to secure the return of the pauper to, and his
support by, the town or county from which he had been so
improperly removed or enticed, together with indemnity to
the county to which he had been removed for its expenses
incurred in his support while he remained therein, and in
its proceedings to compel his return and future support.
These proceedings included a prescribed notice to the proper
superintendents or overseers, and, in default of the required
action on their part, an action at law to enforce the liability
imposed by the statute.

Such was the consistent and laudable scheme of the
Revised Statutes to prevent or give redress for fraud by one
political division of the state upon another, and so the
statute continued to be until 1885, when, by chapter 546 of
the laws of that year, an attempt was made to apply the pro-
visions of section 59, and the subsequent sections cited
above, to the case of paupers removing of their own accord
from one city, town or county to another.  In such case
the element of criminal or fraudulent intent was not required
to exist.  It was only necessary that a pauper or person re-
ceiving public charity in one city, town or county, should,
of his own accord, and, presumably, in the hope of bettering

his condition, remove to another city, town or county of the state, to subject the political division from which he removed to the same liability as if he had been removed, or enticed to remove, under circumstances which would have made the act a misdemeanor on the part of the person or persons engaged in it.

It was under the statute, as thus amended, that this action was brought. The amendment was, happily, repealed by chapter 486 of the Laws of 1888. It may be very doubtful whether the repeal of the statute, which gave the supposed remedy by action in this case, did not put an end to all actions based upon its provisions, and not yet prosecuted to judgment. See Butler v. Palmer (1 Hill, 324); Hughson v. Rochester (17 N. Y. State Rep. 289). But it is not necessary to consider that question in this case. The amended statute did not cover the case, for the reason suggested in the outset of this opinion, and which was the ground upon which the judge at the circuit granted the nonsuit, viz.: that H. E. was not a pauper when, in the exercise of the commonest right of a citizen, he removed from the county of Wayne to the county of Seneca. The language of the statute (section 59) as amended, is: " any pauper so removed, brought or enticed, or who shall, of his own accord, come, or stray from any city, town or county, into any other city, town or county, not legally chargeable with his support, shall be, etc." This language, consistently with the whole tenor and evident purpose of the statute, shows that the person so removed, or removing, must be a pauper at the time of his removal to the county in whose behalf the proceeding is taken.

We are clearly of the opinion that the nonsuit was properly granted, and that the motion for a new trial must be denied.

Motion for new trial denied, and judgment ordered for the defendant dismissing the complaint.

All concur.