DETERMINED IN THE

# THIRD DEPARTMENT

IN THE

# APPELLATE DIVISION,

## May, 1905.

THE COUNTY OF DELAWARE, Appellant, v. THE TOWN OF DELA-
WARE, SULLIVAN COUNTY, Respondent.

*" Poor person " — where a person goes from a county in which he has a settlement to
another in which, before gaining a settlement therein, he becomes " a poor person,"
the latter county is chargeable with his support.*

When a person removes from the town and the county in which he has gained a
settlement into another town and county, and while in the town and county to
which he has removed, and before he has gained a settlement therein, he
becomes "a poor person," he must, under subdivision 2 of section 42 of the
Poor Law, be supported by the latter county, and the latter county is not enti-
tled, under section 51 of the Poor Law or under any other provision of law, to
ask for reimbursement from the town or county from which he came.

APPEAL by the plaintiff, The County of Delaware, from a judg-
ment of the Supreme Court in favor of the defendant, entered in
the office of the clerk of the county of Delaware on the 4th day of
March, 1904, upon the decision of the court rendered after a trial
at the Delaware Trial Term, the jury having been discharged, dis-
missing the plaintiff's complaint.

William Shelp and family, prior to May 13, 1901, had resided for
more than a year, and thereby gained a settlement in the *town* of
Delaware, county of Sullivan. On that day he voluntarily moved
himself and family into the town of Hancock, county of Delaware.
While in such town of Delaware he supported his family continu-
ously, and no relief was ever asked or furnished him or the family
by that town. In the July following application was made by his

APP. DIV.—VOL. CV.    9

family to the overseer of the poor of the town of Hancock for relief, and on investigation, he finding them destitute, relief was furnished them, and the superintendent of the poor of Delaware county notified. The superintendent thereupon took charge of them and thereafter furnished them necessary relief for some three or four months, amounting in all to eighty-three dollars and eighty-nine cents. It seems to be conceded that during such time, Shelp, himself, was confined in jail in Delaware county, for some offense committed in July. As soon as the county superintendent took charge of the family he served upon the overseer of the poor of the town of Delaware, Sullivan county, a notice to take charge of such family, as required by section 51 of the Poor Law (Laws of 1896, chap. 225). Such overseer thereupon served upon the said superintendent a notice denying all liability for their support, as permitted by section 52 of such law. This action was thereupon brought against such *town* to recover the amount so expended by the superintendent of Delaware county. It was tried and submitted to the court without a jury. A decision was rendered in favor of the defendant, dismissing the plaintiff's complaint, with costs, and from the judgment entered thereon this appeal is taken.

*Wagner & Fisher,* for the appellant.

*T. F. Bush,* for the respondent.

PARKER, P. J.:

I think it may be conceded that Shelp and his family had gained a settlement, and still retained it, in the town of Delaware, Sullivan county, when they applied for relief to the overseer of the town of Hancock (See Poor Law, § 40); and still the said *town* of Delaware was not liable to reimburse the county of Delaware for such relief.

When such family became in need of public relief it was actually residing in the county of Delaware. It had not been moved or enticed to move into such county as a " poor person;" but it had gone voluntarily into that county from the town of Delaware without having ever become, been treated or been considered as a " poor person " while in that town.

In July, therefore, when it asked for public relief, it was in the situation referred to in subdivision 2 of section 42 of the Poor Law.

It had " not gained a settlement in any town or city *in the county* in which" it became "poor, sick or infirm," and it must, therefore, as further provided by such subdivision, "be supported and relieved by the superintendents of the poor at the expense of the county." Clearly that is of the county in which it became poor, viz., Delaware county.

Now, Delaware county, as between it and any town in that county, agrees to such conclusion, but it claims that, under the provisions of section 51 of such law, it may demand to be reimbursed by any town outside of such county in which the person relieved then had a settlement.

It is to be noticed, however, that the provisions of section 51 apply only to "a poor person" who has been moved, brought or enticed or who has of his own accord come or *strayed* from one town, or county, to another "not legally chargeable with his support." Now, clearly, under the definition of "a poor person" given by section 2 of such Poor Law, Shelp and his family were not poor persons when they strayed from the *town* of Delaware, Sullivan county, into Delaware county. (See, also, *Wood* v. *Simmons*, 51 Hun, 325.) Section 51 also provides that notice by the superintendent furnishing the support may be given to the overseers of the poor of the town or city from which he strayed "if such town or city be *liable* for his support," and if there be no town or city in the county from which he came that is *liable*, then to " either of the county superintendents of the poor of such county," thus clearly indicating that the section refers to a person that is being helped or is in need of public relief at the time he is moved or has strayed into the prosecuting county. In other words, when a person becomes " a *poor* person " *after* he has left the town or county in which he has gained a settlement, he must be supported by the county in which he then resides, and there is no provision of law authorizing the county so supporting him to ask for reimbursement from the town or county from which he came, even though his settlement still remains there.

I conclude, therefore, that this judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.