ONONDAGA COUNTY, Plaintiff, *v.* TOWN OF MILO, Defendant.

Supreme Court, Onondaga County, December 1, 1930.

*Truman H. Preston,* for the plaintiff.

*Spencer F. Lincoln,* for the defendant.

Ross, Official Referee. The actions are submitted upon an agreed statement of facts. In brief, these actions are brought by the county of Onondaga to recover moneys expended for the support of the aforesaid minor children, based upon the claim that the father, Harry Jones, had, at the time of providing the aforesaid support, a settlement in the town of Milo, Yates county, and was a poor person within the meaning of the statute, and that the town of Milo is liable for the moneys so expended.

For more than a century, in England and in the several States in this country, there have been enacted from time to time numerous statutes, and the reports of the courts are replete with decisions on the subject of liability for the support of the poor. We have a right to be proud of the progress made towards a humane construction of our legal duty in this matter.

In the criminal law, the object is largely retaliation. In ordinary civil actions, the remedy sought is compensatory only. But, in the enforcement of the poor laws, the courts have gone a step further to aid unfortunate humanity and place an absolute duty upon the duly constituted officials to aid the unfortunate.

In the case of a person having a settlement, this responsibility rests upon the State or town where the poor person has a settlement; if he is a wanderer, upon the superintendents of the poor of the county where he may be, and in turn the county rendering such temporary assistance may recover from the locality where such poor person has a settlement, and this duty is absolute, as the need is pressing.

The questions herein presented are very simple. Did the three minor children relieved by the plaintiff have at the time of such assistance a settlement in the defendant town? Being minors, the question is simply, Did their father, Harry Jones, have at that time a settlement in the town of Milo?

Section 40 of the Poor Law (now Public Welfare Law, § 53, as added by Laws of 1929, chap. 565) provides, in part, as follows: " Every person of full age, who shall be a resident and inhabitant of any town or city for one year, and the members of his family who shall not have gained a separate settlement, shall be deemed settled in such town or city, and shall so remain until he shall have gained a like settlement in some other town or city in this state. * * * "

While there is no expressed stipulation that Jones had a settlement in the town of Milo, I think it is inferable from the following contained in the statement of facts agreed upon (Subds. 5, 6):

(5) " That heretofore and some time during the month of September, 1923, said Freda Jones, wife of Harry Jones, together with her three minor children, Gerald Jones, Jack and Robert Jones, removed and came from the town of Milo where they had been residing for some years before that time and where her husband still resided and was employed, to the City of Syracuse in the County of Onondaga. That they came of their own accord and without the procurement, knowledge and assistance of the plaintiff, its officers or agents, and within one year prior to the first of May, 1924."

(6) " That from September, 1923, to the time when the said

Freda Jones and her three children came to Onondaga County up to May 1, 1924, said three children were supported. and cared for by their father and never became paupers, and had never been assisted by any town or county."

Also see statements in subdivision 13 of aforesaid stipulation as to residence of Harry Jones, and also 13A, which reads as follows: "That at the time Freda Jones and her children were granted relief by Onondaga County on or about May 1, 1924, Harry Jones, the husband of Freda Jones resided and was employed in the town of Milo."

In subdivision 11 of the aforesaid stipulation, in the letter of Mrs. Ann Meldrum, Yates county agent for dependent children, and writing at the request of Mr. George E. Bullock, overseer of the poor of defendant town, under date of May 9, 1924, wrote in part as follows: "If they are town charges [referring to the Jones children] and claim Yates County the place of residence, of course we will either arrange to pay for the children where they are or bring them here."

While this is not a specific admission of the fact of settlement, it shows the claim that was made at the time, and, so far as the letter is concerned, was not denied.

The superintendent of the poor of the county of Onondaga on May 6, 1924, gave notice in writing to the overseer of the poor of the town of Milo, as required by section 42 of the Poor Law of the State of New York (now Public Welfare Law, § 58), to the effect that the three infants, Gerald, Jack and Robert Jones, had come from the town of Milo and had applied for relief as poor persons, that the town of Milo is liable for their support, to which notice no denial was made, and the overseer to whom the notice was directed, or his successor, by the provisions of section 43 (now Public Welfare Law, § 58) of the Poor Law, shall be precluded from contesting or denying such settlement.

If in fact the town of Milo had no legal obligations with reference to Jones or his family, a liability cannot be predicated upon the failure to reply. But if it did have such an obligation, the provisions of the section quoted apply.

The learned counsel for the defendant town claims that, as neither Jones nor any member of his family ever applied or received aid from the defendant town, they, therefore, never became poor persons within the town of Milo, and cites the case of *Bellows* v. *Courter* (6 N. Y. Supp. 73), General Term, Fifth Department, opinion by that able jurist Mr. Justice Dwight, who says in part: "When H. E. [the alleged poor person] removed from Macedon he was not a pauper, and never had been. He was a self-supporting

citizen of Wayne county, with as good a right to select his residence, and remove from one county to another, as any other citizen of the state."

The counsel also cites in this same connection the case of *Wood* v. *Simmons* (51 Hun, 325, 328).

These cases are not applicable, because in the instant case Mr. Jones did not exercise the right referred to in the cases cited and removed to the county of Onondaga. A strict application of the learned counsel's reasoning would require the rejection of a first application for relief.

A word about the commitment by Judge EDGCOMB of the Jones children to the Onondaga County Orphans' Home. This simply shows the care taken by the then superintendent to act legally, but in no wise relieved the town of Milo from its duty to care for its poor.

Pursuant to the provisions of subdivisions 14, 16 and 18 of the agreed statement of facts, the plaintiff is entitled to judgment for $130.72, with interest from July 7, 1924, and also for the sum of $4,543.52. No interest on the last sum was asked. Plaintiff is entitled to costs.