In the Matter of the Contest of THE TOWN OF ONONDAGA *v.* THE CITY OF SYRACUSE, as to the Settlement of MICHAEL AUGUSTINE, a Poor Person.

(County Court, Onondaga County, January, 1898.)

Poor person — Settlement — Effect of Laws 1897, chapter 203.

> The provisions of chapter 203 of the Laws of 1897, which took effect on April 7, 1897, and enacted that "A person who has gained a settlement in a town or city loses the same by a continuous residence elsewhere for one year," were intended by the legislature to fix the status of a person who had, for one year prior to April 7, 1897, continuously resided in a place other than that where he had gained a settlement; and hence, a poor person who, prior to 1891, had a settlement in the town of Onondaga, and who, in that year, removed to the city of Syracuse, where he subsequently resided until September, 1897,

County Court, Onondaga County, January, 1898. [Vol. 22.

although still supported by the town of Onondaga, can, since the passage of the statute, no longer be made a charge upon the town of Onondaga, but must be supported by the city of Syracuse.

APPEAL from a decision of Smith Rice, superintendent of the poor of Onondaga county, in the above matter, in which he determined that the poor person, Michael Augustine, had lost his settlement in the town of Onondaga, and had gained a settlement in the city of Syracuse. The facts are simple. Prior to 1891 Michael Augustine had resided in and obtained a settlement in the town of Onondaga and received aid from that town. In July, 1891, the poor person removed to the city of Syracuse, where he has since resided, and has continued to be a public charge upon the town of Onondaga until September, 1897. In November, 1897, the overseer of the poor of the town of Onondaga served a notice upon the overseer of the poor of the city of Syracuse, notifying the latter that the town of Onondaga refused longer to support the poor person. Thereupon the overseer of the poor of the city of Syracuse served notice of contest and subsequently the decision in question was rendered.

Brown & Manchester, for town of Onondaga.

W. J. & S. E. McClusky, for city of Syracuse.

Ross, J. Under the poor laws, as they existed prior to the enactment of chapter 225, Laws of 1896, the settlement of the poor person in this case was in the town of Onondaga. See R. S., pt. 1, chap. 20, tit. 1.

Chapter 225, Laws of 1896, which at once repealed the existing provisions of the Revised Statutes and provided a comprehensive system of poor laws, did not substantially change the law relative to obtaining or losing a settlement.

A labored comparison of the provisions of those acts is unnecessary.

Prior to April 7, 1897, the poor person in this case was properly chargeable to the town of Onondaga.

Chapter 203, Laws of 1897, which took effect April 7, 1897, provides as follows:

"A person who has gained a settlement in a town or city loses the same by a continuous residence elsewhere for one year."

The poor person having lived continuously elsewhere than the town of Onondaga for over a year prior to April 7, 1897, and also for a like period continuously in the city of Syracuse; if the provision of chapter 203, Laws of 1897, apply to the conditions as they existed at the time of the passage of that act nothing more need be said as to the liability of the town of Onondaga. In other words, the act of 1897 makes a most radical change in the law as it existed relative to the continuance of a settlement of a poor person.

Under the former law a poor person did not lose his settlement until he had lived in the new town one year without help, which offered a premium to zealous officials to suggest help, at least not to discourage an applicant for assistance, which their town did not pay, and which prevented the applicant from becoming a charge upon the new town.

Under the act of 1897, granting assistance does not prevent the loss of a settlement.

Under the provisions of the Poor Law, prior to chapter 203, Laws of 1897, the poor person had frequently removed to some distance from the town, which was compelled to render him assistance, so that the town officials of the town that had to pay could neither determine the need of assistance, or see to it that it was wisely expended.

Hon. T. E. Hancock, attorney-general of this state, has given his opinion that the provisions of chapter 203, Laws of 1897, applied to the conditions as they existed at the time of its passage.

I quote from letter bearing date June 19, 1897, Attorney-General T. E. Hancock to Hon. J. B. Booth:

"In reply permit me to say that chapter 203, Laws of 1897, became a law and went into effect on April 7, 1897, and provides as follows: 'A person who has gained a settlement in a town or city loses the same by a continuous residence elsewhere for one year.'

"In my judgment the intention of the statute is to determine each case under the conditions existing at the time of the passage of the act. A pauper who had resided in a town for one year prior to the passage of this law, it seems to me, becomes a charge upon the town in which he has resided; and it was not intended that the year's residence should be reckoned as a year from the time of the passage of this law, or in other words, from the 7th day of April, 1897."

County Court, Onondaga County, January, 1898.     [Vol. 22.

The effect of the provision of chapter 203, Laws of 1897, relieved the town of Onondaga; has the poor person a settlement in the city of Syracuse?

The settlement in the town of Onondaga was a legal fiction. For reasons which are unnecessary to enlarge upon, the fiction of an actual residence was indulged in. That fiction is now removed and we have the plain physical facts left, that is, where physically and actually has the man lived for the past year, that is the test and the only one.

When the invisible thread that bound this man to a town in which he had not actually resided for over five years was cut, all other restraints which prevented him from being an actual and a legal resident of one and the same place were severed, and his actual, and his legal residence immediately became one and the same. It is as if he had never seen the town of Onondaga, never received help from that town.

His residence in the town of Onondaga for five years was an imaginary one constructed upon statutes, those statutes have been superseded and now all parties concerned must adjust themselves to the actual facts, which show a residence of many years in the city of Syracuse.

"There is no constitutional objection to a general law which alters the rules of settlement, although its effect may be to transfer from one town to another the obligation to support individuals who may become entitled to relief as paupers." Bridgewater v. Plymouth, 97 Mass. 382, 390.

It is only necessary to determine that the town of Onondaga is relieved from the provisions of chapter 203, Laws of 1897, but the facts are all before me; and the superintendent of the poor of the county of Onondaga, and the overseer of the poor of the city of Syracuse, both desire a speedy decision. I think it due these officials that the important question of the present settlement of the poor person be determined, that the interests watched over by them respectively may be protected by such steps as to them seem proper.

The welfare of those unfortunates who may require assistance who are similarly situated also require an early decision.

I appreciate the responsibility of determining the effect of the provisions of chapter 203, Laws of 1897, without precedents to guide, or an opportunity to have any errors I may commit corrected by an appellate court. I am glad, however, to know that the same legislative power which passed chapter 203, Laws of 1897,

can modify or repeal the same if its provisions are found to be unsatisfactory.

The decision of the superintendent of the poor of the county of Onondaga that the said Michael Augustine has lost his settlement as a poor person in the town of Onondaga, and that he has gained a settlement as a poor person in the city of Syracuse is affirmed, together with costs of this appeal to the town of Onondaga, to be taxed.

Decision of the superintendent of the poor affirmed, with costs of this appeal.