Matter of the Settlement of ABIJAH HAWKS, a Poor Person, Between THE TOWN OF COLUMBIA, Appellant, *and* THE TOWN OF WARREN, Respondent.

(County Court, Herkimer County, February, 1899.)

**Poor Law of 1896 — Loss of settlement by a year's continuous residence in another town.**

> Under section 57 of the Poor Law (Laws of 1896, chap. 225, as amended by Laws of 1897, chap. 203, § 1), a poor person who has gained a settlement in a town loses the same by a continuous residence in another town for one year, whether during that year he was self-supporting, or whether he was aided in part by the town of his former settlement.

APPEAL from a decision of the superintendent of the poor of the county of Herkimer, determining that the legal settlement of said poor person is in the town of Columbia, and not in the town of Warren, in said county.

J. B. & J. E. Rafter, for appellant.

Steele & Prescott, for respondent.

DEVENDORF, J.    The poor person formerly resided and had a settlement in the town of Columbia, and as such received aid from time to time from that town.    On or about December 7, 1896, while still holding such settlement in Columbia, said poor person moved to the town of Warren, where he has since continued to reside.    Soon after moving into the town of Warren, he applied thereto for aid, whereupon the overseer of the poor of that town served a notice pursuant to statute upon the overseer of the town of Columbia, who thereafter made provision for the support of the poor person who was then living and continued to live in the town of Warren, paying him $1 a week towards such support until about March 1, 1898, when he ceased to furnish him further aid, and in April following served notice that further aid to said poor person would not be given by the town of Columbia, claiming that he had been a resident of the town of Warren from December, 1896, to April, 1898, and that consequently under the provisions

of chapter 203 of the Laws of 1897, he had lost his settlement in said town of Columbia.    Immediately thereafter the poor person made application to the overseer of the poor of the town of Warren for aid, which was furnished him, and within the time prescribed by law: thereafter, a notice was served by such overseer upon the overseer of the town of Columbia, of said application for aid, and that the poor person was chargeable to the said town of Columbia; within ten days from such service the town of Columbia gave notice to the overseer of the town of Warren of a contest before the superintendent of the poor of the county of Herkimer as to the settlement of such poor person.    The said proceeding was thereafter tried before said superintendent, who rendered a decision thereon:

"That the legal settlement of said Abijah Hawks, as such poor person, is in the town of Columbia, and is not in said town of Warren."

This appeal was taken from such decision; the proof before this court is the same as that before the superintendent, with the additional fact that at the last town meeting the said poor person voted in the town of Warren.

The town of Columbia alleges that by virtue of the provisions contained in chapter 203 of the Laws of 1897, it was released from further obligations as regards the support of this poor person; that act is entitled, "An act to amend the poor law, as relating to the loss of settlement by a poor person," and is as follows:

"Section 1. Chapter 225 of the Laws of 1896, entitled 'An act in relation to the poor, constituting chapter 27 of the General Laws,' is hereby amended by inserting therein a new section, to be known as section 57, and to read as follows:

"Settlement, how lost.— A person who has gained a settlement in a town or city loses the same by a continuous residence elsewhere for one year.

"§ 2. This act shall take effect immediately."

The question to be determined here is as to the effect of that act.

The law, as well settled prior to the enactment of chapter 203 of the Laws of 1897, if applied to a case like this, would have undoubtedly required that a poor person in order to gain a settlement in a town to which he might move, should be self-supporting for a year, unless the town waived its rights by a failure on its part to have a settlement charged to the proper municipality.

Poor persons have frequently resided for years in a certain town and yet received some aid year after year for their support from another town.    It may be said that sometimes a municipality which has been furnishing aid to a poor person within its borders at the expense of another, has not been sufficiently alert in discouraging persons resorting to the public for aid.    If there were a likelihood that a person and his family would become in the future a public charge, it might be for the interest of a town to obtain from such person a request for aid if he had not at that time gained a settlement therein.    Possibly a public official attempting to shield his town from expense as much as possible might make a mistake to the detriment of another municipality in granting aid to persons not yet settled in his town.

I believe the object of the enactment of said chapter 203 is to obviate the furnishing of aid to poor persons by one town or municipality at the expense of another, and the unsatisfactory consequences sometimes attendant thereupon.    Unless this act in question means what it says, it has no force or effect so far as I am able to discern; it makes no change whatever in the law as to the facts in this case if the contention made by the respondent herein is to prevail; it leaves the law substantially where it was before the enactment of this statute; if the language of the statute is to be read in the light of the ordinary meaning thereof, no question can be raised but what it was enacted for the purpose of determining how the settlement of a poor person may be lost, and that is by a continuous residence elsewhere for one year.

Had it been the intent of the legislature that such residence should be entirely self-supporting, it seems to me that would have been so stated in the act.

The Matter of Town of Onondaga v. City of Syracuse, 22 Misc. Rep. 265, I think is an authority upon the question here involved, and so far as that case determines this question, I am entirely in accord with it.

I have, therefore, come to the conclusion that after the poor person resided continuously without the town of Columbia for one year, whether he was self-supporting or otherwise, his settlement therein was lost, and consequently aid furnished him since that time cannot be charged to that town.

The decision of the superintendent of the poor, from which the appeal herein was taken, is, therefore, reversed, with costs.

Decision of the superintendent reversed, with costs.