## MONTGOMERY COUNTY COURT.

BENJAMIN SITTERLY as overseer of the poor of the town of Palatine, appellant, agt. ALEXANDER MURRAY as overseer of the poor of the town of Minden, respondent.

*Superintendents of the poor — person removing from one town to another and becoming a pauper, which town liable for his support.*

Where F. had resided in the town of Minden, adjoining Palatine, in Montgomery county, for seventeen years continuously, until November, 1881, when he voluntarily removed to the town of Palatine, and in about a month thereafter he and his family became a town charge:

*Held*, that F. has never gained a legal settlement in the town of Palatine, but that he had gained such settlement in the town of Minden, and it still remains there, and that that town is liable for his support as a pauper since he removed to Palatine.

Section 29 of the statute (3 *R. S.* [*Bank's new 7th ed.*], 1858, 1859), applies to "every person" who shall be a resident and inhabitant of any town for one year, and the members of his family who shall not have gained a separate settlement. And they cannot gain a settlement in any town

until they have resided therein for at least one year, whether such persons are paupers or not. When a settlement is once legally gained in any town it must necessarily remain there until one is subsequently established in some other town or county.

*March Term*, 1882.

*Daniel S. Morrell*, for appellant.

*Henry V. Borst*, for respondent.

ZERAH S. WESTBROOK, *County Judge.* — This case arose on a dispute between the appellant and respondent as the overseers of the poor of their respective towns over the settlement, under the poor laws, of Theodore Funk and family, who are at present residing in the town of Palatine.

Funk resided in the town of Minden, adjoining Palatine, in Montgomery county, for seventeen years continuously, until November, 1881, when he voluntarily removed to the town of Palatine, and in about a month thereafter he and his family became a town charge, and the overseer of the poor of that town was compelled to and did furnished them assistance.

He was a poor man, a laborer, but had never applied for or received any assistance from the poor authorities of the town of Minden, and had always before supported his family. There was no change in his financial condition after his removal to Palatine, except that he was rendered unable to work on account of sickness. After the overseer of the poor of the town of Palatine rendered the help to Funk, he served the proper notice upon the overseer of the poor of the town of Minden to provide for his support, and the respondent then served the proper return notice to contest the settlement of Funk and family under the statute (3 *R. S.* [*Bank's new 7th ed.*], *sec.* 29, *subdiv.* 4, *secs.* 32, 33, *pp.* 1859, 1860). And thereafter, on January 23, 1882, the superintendent of the poor of the county duly heard the matter, and made an order deciding that the legal settlement of said Funk was not in the town of Minden, and awarded costs to respondent. From

that order and determination the overseer of the poor of the town of Palatine appealed to the county court for a new trial under chapter 38, Laws of 1872 (3 *R. S.* [*Bank's new 7th ed.*], *pp.* 1878, 1879). Upon such new trial duly had the foregoing facts were proved.

The important question to be determined is the legal one as to which town Funk was legally settled in at the time he became a charge upon the town of Palatine and was relieved, as the statute required, by the overseer of the poor of that town. The question upon similar facts has repeatedly troubled me during the past few years, and I understand that it has long been a perplexing question to superintendents of the poor and other judges throughout the state having the matter before them. There is no adjudicated decision upon the subject under our present statute, and I am compelled to decide the question by a construction of the several provisions of the statute upon the subject, unaided by any adjudicated authorities. Section 29 of the statute (3 *R. S.* [*Bank's new 7th ed.*], *pp.* 1858, 1859), provides as follows : " Every person of full age, who, after this chapter shall commence and take effect, shall be a resident and inhabitant of any town for one year,. and the members of his family who shall not have gained a. separate settlement shall be deemed settled in such town." And section 31 (*id.*) provides as follows: " No person shall, be removed as a pauper from any city or town to any city or town of the same or any other county, nor from any county to any other county, but every poor person shall be supported. in the town or county where he may be, as follows :

" 1. If he hath gained a settlement in any town in. such county he shall be maintained by such town.  *  *  *

" 4. If such pauper be in a county where the respective towns are liable to support their poor, and hath gained a settlement in some other town of the same county than that in. which he may then be, he shall be supported at·the expense of the town where he may be, and the overseers shall. give· notice in writing to the overseers of the town to which. such. pauper

shall belong, or to one of them, requiring them to provide for the relief and support of such pauper."

Then follows the provisions for determining the settlement in case of dispute as before herein referred to.

The object and scheme of the statute seem to be to provide for the settlement of all persons under the poor laws, no matter what their previous financial condition may have been, and whether they were ever paupers before or not, and to fix the liability of the proper town for their support and maintenance whenever by misfortune or otherwise they should become a charge upon the public. This is the reasonable and natural conclusion to be drawn from the various provisions of the statute and from the language of the particular sections quoted.

Funk had certainly gained a settlement under the statute in either Minden or Palatine, and one or the other is liable for his support after he became a pauper. It cannot be urged that from the peculiar circumstances of his case he had gained no settlement in either town. He could not have gained a settlement in Palatine, because he had not resided there a year. He had just previously resided in Minden over a year under all the circumstances that could establish his settlement there. If Funk had become sick and unable to provide for himself while residing in Minden at any time after the expiration of his first year's residence there, that town would undoubtedly have been then liable for his support. What difference can it make that he removed into the town of Palatine, and required assistance from that town as a poor person before residing there a year? I think none. It was Minden's misfortune, as well as Funk's, that he became sick and required help before residing in Palatine the period required by law to establish his legal settlement in the latter town. It is true Funk was not a pauper when he removed to Palatine, and never had been. But he was a poor person, though that even is of no particular consequence. He became a pauper after his removal to Palatine, and required and received relief as such. Section 29 of the statute before referred to applies to " every

person " who shall be a resident and inhabitant of any town for one year, and the members of his family who shall not have gained a separate settlement. And they cannot gain a settlement in any town until they have resided therein for at least one year, whether such persons are paupers or not. When a settlement is once legally gained in any town it must necessarily remain there until one is subsequently established in some other town or county.

The words, "such pauper," in subdivision 4 of section 31, do not qualify or change the signification of the words "every person," in section 29. They only refer to the subsequently changed condition of the person to a pauper.

I am clear in my judgment that said Theodore Funk has never gained a legal settlement in the town of Palatine, but that he had gained such settlement in the town of Minden, and it still remains there, and that that town is liable for his support as a pauper since he removed to Palatine. The order and decision of the county superintendent must therefore be reversed, with costs.

The counsel for appellant will prepare and enter the proper order.