HARDIN COUNTY v. WRIGHT COUNTY.

67 127
106 505
67 127
j129 58

67 127
141 481

1. **Paupers:** DUTY AND DISCRETION OF TOWNSHIP TRUSTEES IN GRANT-
ING RELIEF: LIABILITY OF COUNTY OF RESIDENCE. The duty of town-
ship trustees, when applied to by poor persons for relief, is not to be
determined by very rigid rules. They must, in the exercise of a wise
discretion, grant relief where they judge that humanity requires it; and
they must often act promptly, and without taking time to make an
extensive examination of the applicant's circumstances; and where they
act in good faith, and without the abuse of discretion, their action is not
subject to review. (*Armstrong v. Tama County*, 34 Iowa, 309.) And so,
in this case, where the trustees of one of the townships of the plaintiff
county in good faith granted relief, at the county's expense, to a man
and family who had a settlement in the defendant county, *held* that the
defendant county could not avoid liability for the same on the ground that
the man had not a pauper record at the time of his removal to the plaintiff
county, and that he had some property at the time the relief was given.

*Appeal from Wright Circuit Court.*

WEDNESDAY, OCTOBER 7.

ACTION to recover from the defendant for relief furnished
by the plaintiff to an alleged pauper, G. L. Hutchinson, and
his family. There was a trial to the court, and judgment
was rendered for the defendant. The plaintiff appeals,

*S. M. Weaver*, for appellant.

*Nagle & Birdsall*, for appellee.

ADAMS, J.—Several questions are presented, but it will not
be necessary to consider all of them. The record contains the
findings of fact and conclusions of law of the court below, and
the plaintiff contends that, taken together, they show that the
court misconceived the true rule of law as applicable to the
case. The findings of the court below are as follows:

"(1) I find that immediately prior to April 1, 1876, G.
L. Hutchinson and family, consisting of a wife and six chil-
dren, had a settlement in Wright county; (2) that about

April 1, 1876, he removed with his family and settled in Iowa Falls, Hardin township, Hardin county, Iowa, and engaged in the livery business; (3) that about September 1, 1876, Hutchinson and several members of his family were taken sick, and made application for relief to the trustees of the township where they resided; (4) that on such application relief was extended to the family, and that the account stated by the plaintiff is correct and the charges reasonable; (5) that the sickness of the family was of a serious character, and removal impracticable until about March 1, 1877; (6) that on or about December 24, 1876, notice was given by the trustees of Hardin township to the auditor of Wright county that the family was a public charge and was being relieved at public expense, and demand was made for removal and support, to which the authorities of Wright county gave an unconditional refusal, and repudiated all claims of Hardin county arising out of such support; (7) that subsequently, and before the commencement of this suit, the plaintiff's claim was duly presented to the board of supervisors of Wright county, and payment was demanded and refused; (8) I find that at the time of the removal of the family from Wright county Hutchinson, the father and head of the family, was worth about $20,000, [probably erroneously written for $2,000,] and prior thereto had always provided for himself and family, and that neither he nor any member of his family had ever been a public charge; (9) I find that at and during the time relief was being extended he had property not exempt from execution to the amount of $1,000, a portion of which had been secreted so that it would have been difficult to discover it; (10) I am persuaded from the evidence that the township trustees, at the time the relief was extended, acted in good faith, and under the belief that the family were in such a state of want as required relief at public expense; but I find as a fact that they were not in such a state of want, for that they had property which might have been subjected to their support.

" From the above facts I conclude as follows: That a per-
son without a pauper record, who moves from one county to
another, with property sufficient for a reasonable support for
himself and family, and engages in business, and is, after such
removal, overtaken by sickness or other misfortune, is not
within the class of poor which the statute contemplates may
be relieved at the expense of the county from which he has
removed; and in this particular case no such necessity arose
as would justify an expenditure for support at the expense
of Wright county."

The court seems to have attached great importance to
Hutchinson's condition at the time he removed from Wright
county. The idea of the court manifestly was that Wright
county was not chargeable for support furnished after the
removal, unless Hutchinson had a pauper record prior to his
removal, or, at least, was in needy circumstances at the time
of his removal. But in our opinion it was entirely immate-
rial what Hutchinson's condition or record was or had been at
the time of his removal. A poor person should not be allowed
to suffer because there was a time in his previous history
when he was not poor. The condition of a person who has
never had anything but a pauper record is bad enough. Cer-
tainly we cannot hold that a person who has not always had
a pauper record may be worse.

Possibly it was not the idea of the court that a person who
removes from one county to another cannot become a proper
subject for poor relief, unless he was such subject prior to his
removal. We are inclined to think it was not, and that the
idea of the court was that where a person removes from one
county to another, and falls into a state of want, the county
of his residence must furnish relief, but cannot look to the
county of his settlement, unless it can show that the person
relieved had a pauper record, or, at least, was in needy cir-
cumstances, prior to removal. But in our opinion there
is no warrant for such a rule, and we do not understand the
defendant's counsel as seriously contending that there is. The

position upon which they seem to rely is that Hutchinson's condition was not such as called for relief from the plaintiff, and that, the plaintiff having furnished relief in the absence of all obligation to furnish it, no obligation arose on the part of the defendant to reimburse the plaintiff. Undoubtedly, relief should not be furnished at public expense to a person who is not in such a state of want as to require relief; and, where application is made for relief, the township trustees should make a reasonable effort to ascertain the true condition of the applicant. But it does not follow that because the applicant may have some property his condition is not such as to require relief. Take the case at bar. Here was a large family, some of whom doubtless were helpless even in a state of health. The head of the family and several of the members were stricken down by a serious sickness, and sickness among them continued for six months. They had recently removed to the place where they were taken sick, and were probably among comparative strangers, and may have been without money or credit. The fact that they had a thousand dollars' worth of property somewhere in the world did not preclude the possibility that they were proper subjects of relief. Yet the finding of the court that they were not proper subjects seems to be based wholly upon the existence of this property. It is true that the court found that the property could have been subjected to their support; by which we understand the court to mean, not that it might be employed in their support as far as it might yield an income, as possibly it was, but that it might have been sold. But no one but Hutchinson had power to subject it by direct sale, and he was probably disqualified for business, and he and his family needed food, fuel, shelter and medical attendance at once. Any person who is prostrated by sickness in a strange community, and is without the necessaries of life and without money, credit or friends, is a subject of poor relief, though in health he may be far from it.

The duty of township trustees, when applied to for poor

relief, is not to be determined by very rigid rules. They must, in the exercise of a wise discretion, grant relief where they judge that humanity requires it. They must, too, oftentimes act promptly, and without taking time to make an extensive examination of the applicant's circumstances. Where they act in good faith, or without abuse of discretion, their action, in our opinion, is not subject to review. *Poplin v. Hawke*, 8 N. H., 305; *Taunton v. Westport*, 12 Mass., 355; *Armstrong v. Tama Co.*, 34 Iowa, 309. While the last case is not quite parallel to this, the reasoning, we think, upon which the decision is based is applicable. The court below found that the trustees acted in good faith, and this finding is not overcome or neutralized by the finding that Hutchinson had property. We may assume that the board of supervisors of Hardin county approved of the relief furnished, as the county appears to have paid the bills. On one point the finding of facts appears to be deficient, and that is as to whether the defendant county was notified of the furnishing of support within a reasonable time, as the statute provides. The court found merely that the notice was given on the twenty-fourth day of December, 1876. It is not for us to say, as a matter of law, that that was within a reasonable time. We cannot, then, render judgment for the plaintiff upon the finding, notwithstanding we think that the court erred in rendering judgment for the defendant. The case, then, must be remanded for another trial.

REVERSED.