Matter of the Settlement of EARL CHAMBERLAIN and JAY CHAMBERLAIN, Alleged Poor Persons.

(County Court, Otsego County, August, 1911.)

Evidence — Presumptions — Performance of official duty.
Poor: Settlement and removal of paupers; Settlement in general — Application of statute; Settlement of children; Liability of county or town of settlement for support of removed pauper: Poor officers and poor districts — Determination of right to relief.

The provisions of the Poor Law relating to gaining a settlement in a city or town are not limited in their application to poor persons.

Minors who reside with their father for more than a year in the same town, in a county in which the several towns support their own poor, gain a settlement in that town; and where, after removing to a new town in the same county and before gaining a settlement there, they require and receive relief as poor persons, the expense of their relief is chargeable to the town from which they removed.

The question of the propriety of giving relief is confined to the discretion of the poor authorities and, if they grant relief, it is presumed they have made such investigation as they deemed necessary and have determined the right of the party examined to such relief.

APPEAL from a decision of the superintendent of the poor of the county of Otsego.

Holmes & Waterman, for town of Roseboom, appellant.

Dennis J. Kilkenny, for town of Springfield, respondent.

KELLOGG, J.   This is an appeal from the decision of the superintendent of the poor of the county of Otsego, determining the settlement of the above poor persons to be in the town of Roseboom, in this county.   There is no dispute over the facts, which for the purposes of this appeal are conceded.

It appears that, prior to July 4, 1910, Earl Chamberlain, Hazel Chamberlain and Jay Chamberlain resided with their father, Morgan Chamberlain, in the town of Roseboom, in this county, and had so resided for more than one year prior to the said 4th day of July, 1910; that, during the time the said Morgan Chamberlain and his said children resided in the said town of Roseboom, they lived together as one family, and at no time during such residence had Morgan Chamberlain applied for or received aid from the town of Roseboom, either for himself or his said children, and that he had, during such period, supported himself and his said family; that, on or about the said 4th day of July, 1910, Morgan Chamberlain removed with his said children into the town of Springfield, in this county, and he thereupon became a resident of the town of Springfield and continued to so reside, but they did not live as one family; that, after taking up their residence in the town of Springfield at the time mentioned, application was made in behalf of said children for relief from the overseer of the poor of said town, and the said overseer thereupon duly served upon the overseer of the poor of the town of Roseboom the notice required by section 42 of the Poor Law, and soon thereafter a counter-notice required by section 43 of the Poor Law was duly served by the overseer of Roseboom upon the overseer of Springfield; that the notice served in behalf of the town of Springfield was to the effect that said alleged poor persons were a charge upon the town of Roseboom, whereas the counter-notice served in behalf of Roseboom asserted to the contrary and that a hearing was thereupon had during the

17

month of January, 1911, before Fred Taber, the county superintendent of the poor of Otsego county, which is a county in which the several towns support their own poor, and which maintains an almshouse, and the said superintendent thereafter, and after due deliberation, made his decision that the above named persons were poor persons, and were chargeable to, and their settlement was in, the town of Roseboom. From such decision this appeal is taken.

The sole question for determination here is the construction of section 40 of the Poor Law, as it is applicable to the facts in this case, which reads as follows: "Every person of full age, who shall be a resident and inhabitant of any town or city for one year, and the members of his family who shall not have gained a separate settlement, shall be deemed settled in such town or city, and shall so remain until he shall have gained a like settlement in some other town or city in this state, or shall remove from this state, and remain therefrom one year."

In Matter of Porter, 68 Misc. Rep. 124, Knapp, county judge, in referring to section 40, says: "It was evidently the intention of the Legislature to provide a place of settlement for every person, whether he be poor or not, and that that settlement should continue, whether he be poor or not, until he shall have gained a settlement in some other locality in the county or State, or should remain without the State for a period of one year."

The poor persons in question having gained a settlement in the town of Roseboom by residing there for a year without applying for or receiving relief as poor persons, and having removed into the town of Springfield, and it being admitted that they had not gained a like settlement in such town, their settlement remains in the town of Roseboom. The matter of where they became poor persons in no manner affects the determination of this controversy. 12 Rich. II, chap. 7; 19 Henry VIII, chap. 12; Colonial Laws 1683, chap. 9; id. 1691, chap. 6; id. 1721, chap. 410; id. 1723, chap. 16; Laws of 1801, chap. 184; Matter of McCutcheon, 25 Misc. Rep. 650; Sitterly v. Murray, 63 How. Pr. 367; Matter of Porter, 68 Misc. Rep. 124.

From all of the statutes and cases above cited, it will be noted that the statutes relating to the support of the poor in church parishes, districts and towns and counties are based upon actual experience, and are intended to compel each and every community to pay the expense of relief of their own poor. The support of the poor became a burden upon the different communities, and, in the early times as now, if persons were likely to become poor and a charge upon the public, they would, of their own accord, wander into another district, or they would be forced to leave the community where they had gained a settlement. These early laws, for this reason, specified that certain requirements should be met before a person going from one parish or district to another could be settled in the latter. The early statutes provided, among other things, that the person so removing should reside forty days to gain a settlement. 5 Colonial Laws (Van Schaack, 1773), chap. 600. This residence requirement is now enlarged by our present statutes until the time required for a person to gain a settlement in a town or city into which he removes in the same county, according to section 40 above quoted, is one year. Section 41 of the Poor Law provides " Until a poor person shall have gained a settlement in his or her right, his or her settlement shall be deemed that of the father, if living."

Section 42 of the Poor Law provides for the manner in which a poor person shall be relieved, and the first three subdivisions thereof are as follows, to wit:

" No person shall be removed as a poor person from any city or town, to any other city or town of the same or any other county, nor from any county to any other county, except as hereinafter provided; but every poor person, except the state poor, shall be supported in the town or county where he may be, as follows:

" 1. If he has gained a settlement in any town or city in such county, he shall be maintained by such town or city.

" 2. If he has not gained a settlement in any town or city in the county in which he shall become poor, sick or infirm, he shall be supported and relieved by the superintendents of the poor, at the expense of the county.

" 3. If such person be in a county where the distinction between town and county poor is abolished, he shall, in like manner, be supported at the expense of the county, and in both cases, proceedings for his relief shall be had as herein provided."

In construing these statutes in the case of Bellows v. Courter, 6 N. Y. Supp. 73, the court said: " Two things are made entirely clear by the provisions of the statute so far quoted, referring to the sections of the Poor Law regarding settlement and relief: *First,* that the question of settlement of any poor person or pauper is to be considered in determining the question of liability for his support, only as between two towns of the same county which are liable for the support of their own poor, or between such a town and the county to which it belongs; and, *Second,* that every poor person, who has not a settlement in some town of the county in which he became poor, must be supported or relieved at the expense of the county."

It is quite apparent, therefore, that there is a different rule of law between the several towns of a county and the county, and as between the several towns themselves, as regards the support of the poor, than exists between the towns of one county and another; and that distinction is clearly recognized by subdivision 2 of section 42.

It being conceded that the Chamberlain children, after a residence of more than a year in the town of Roseboom, removed, with their father, into the town of Springfield, where they applied for and received relief as poor persons before they had resided one year in that town, and that the proper notices were served, these now poor persons, in my opinion, under these various provisions of the statute, acquired a settlement in the town of Roseboom, and had not as yet acquired a settlement in the town of Springfield; and, having been relieved as poor persons within a year from the time of their removal therefrom, their settlement remains in the town of Roseboom.

It is urged by counsel for the town of Roseboom, that the statute, when it speaks of persons gaining a settlement, always refers exclusively to poor persons. County of Dela-

ware v. Town of Delaware, 105 App. Div. 29; Wood v. Simmons, 21 N. Y. St. Repr. 390, and Matter of Town of Onondaga, 22 Misc. Rep. 265, are cited in behalf of that contention.

Neither of these cases is authority in favor of that proposition. Indeed, the case of County of Delaware v. Town of Delaware holds the contrary view. In that case the statement of facts set forth that William Shelp and family, prior to May 13, 1901, had resided for more than a year, and thereby gained a settlement in the town of Delaware, county of Sullivan; that on that day Shelp voluntarily moved himself and family into the town of Hancock, county of Delaware; that, while in such town of Delaware, he supported his family continuously, and no relief was ever asked or furnished him, or his family by that town. In July following, application was made by his family to the overseer of the poor of the town of Hancock for relief, and, on investigation, he, finding them destitute, relief was furnished them, and the superintendent of the poor of the county of Delaware notified. The court by Parker, P. J., says, at page 130: "I think it may be conceded that Shelp and his family had gained a settlement, and still retained it, in the town of Delaware, Sullivan County, when they applied to the overseer of the poor of the town of Hancock."

In giving relief to the above poor persons, the overseer of the poor of the town of Springfield evidently used his judgment and discretion. This being so, and he having rendered assistance, a presumption arises that such overseer investigated the circumstances of these poor persons and determined that they were entitled to relief as poor persons. If they were not such poor persons as defined by statute, this would make them so. City of Albany v. McNamara, 116 N. Y. 178.

The question of the propriety of giving relief is confined to the discretion of the poor authorities; and, if they grant the relief asked, it is presumed that they have made such investigation as they deemed necessary and have determined the right of the party examined to such relief. While it is possible this presumption may have been overcome by evi-

dence introduced in behalf of the town of Roseboom, no such evidence appears in the facts as submitted; and this presumption must, therefore, stand in favor of the town of Springfield.

. These three children being, as I have held, poor persons, and having gained a settlement which still remains in the town of Roseboom, and the county of Otsego being one where the respective towns are required to support their own poor, it necessarily follows that, by reason of the provisions of subdivision 1 of section 42 of the Poor Law, the town of Roseboom is liable for the support of the above named poor persons. The determination, therefore, of the superintendent of the poor of Otsego county should be affirmed, with costs.

Determination affirmed, with costs. .