INHABITANTS OF MACHIAS *vs.* INHABITANTS OF EAST MACHIAS.

Washington.   Opinion November 17, 1917.

*General rule governing the furnishing of pauper supplies.   Rule as to finding of overseers on the question of the necessity of pauper supplies when they have acted in good faith.*

In an action to recover repayment for "board, services and medical attendance" at the average rate of about five dollars per week, furnished by the plaintiffs to the minor son of one Davis whose pauper settlement was in the defendant town, it appeared that the son was placed for a time in the Bangor Anti-Tuberculosis Camp, then in the Eastern Maine General Hospital and then in the Fairfield Sanatorium for Tuberculosis, upon the advice of a physician after examination and treatment, and upon the recommendation of the visiting nurse of the County Anti-Tuberculosis Association.   Upon exceptions to the ruling of the presiding Justice that these expenditures were recoverable if the plaintiffs succeeded in obtaining a verdict on the other grounds, it is

*Held:*

1.   That under R. S., Chap. 29, Sec. 33, overseers of the poor are bound to relieve persons destitute found in their towns and having no settlement therein.

2.   The statute does not prescribe the manner in which nor the extent to which the relief shall be administered and these must depend upon the facts and conditions connected with each call for assistance.   The governing rule is that the relief must be reasonable and proper.

3.   Nursing and medical attendance have always been regarded as within the meaning of the term pauper supplies, and the fact that they are rendered at an institution within this State specially equipped for the treatment of tuberculosis should not of itself place such services outside the pale of the statute.

4.   The nature of the relief furnished here was appropriate and the expense incurred was not extravagant.   There was no error in this ruling.

5.   Another item in the plaintiffs bill amounting to fifty dollars was paid by the overseers to the Children's Home of Portland under a written contract by which that institution agreed to take another minor child and keep him without further expense to the town.   This commitment was without statutory authority and the sum paid was not properly chargeable to the defendants as pauper supplies.   The exceptions to the ruling that this item was also recoverable must be sustained.

Action on the case to recover for pauper supplies. Verdict for plaintiff. To the ruling of presiding Justice on the question of what constituted proper charges for pauper supplies, defendant filed exceptions. Judgment in accordance with opinion.

Case stated in opinion.

*C. B. & E. C. Donworth,* for plaintiffs.

*Frederick Bogue, R. J. McGarrigle, and W. R. Pattangall,* for defendants.

SITTING: CORNISH, C. J., SPEAR, KING, HANSON, MADIGAN, JJ.

CORNISH, C. J.    This is an action to recover repayment for pauper supplies furnished by the overseers of the plaintiff town to the family of one George Davis alleged to have a settlement in the defendant town. The jury found in favor of the plaintiffs for the full amount claimed and their verdict fixed the settlement of the paupers in the defendant town, as is admitted. The contest now is over the nature of the supplies furnished as coming within the contemplation of pauper supplies.

1.    The first issue is stated concisely in the bill of exceptions as follows:

"It is admitted, in view of the verdict of the jury that Walter Davis, a minor son of George Davis had his pauper settlement in the defendant town, that he had been found destitute in the plaintiff town and was on said dates in need of immediate relief; and it is also admitted that, at the time these bills were contracted, Walter Davis was suffering from tuberculosis and that the town of Machias actually paid to the sanatorium and hospital mentioned, the sums stated for treatment of Walter Davis, and that he was placed in said institutions by the overseers of the poor of plaintiff town upon the advice of a physician after examination and treatment by the latter, and upon the recommendation of the visiting nurse for the Washington County Anti-Tuberculosis Association. But the defendant contended that the charges above mentioned were not proper charges for pauper supplies. On that point the presiding Justice instructed the jury as follows: 'As to those items, I will instruct you pro forma that they are recoverable by the plaintiff if the plaintiff succeeds in obtaining your verdict.'" To this ruling the defendant excepted.

The items of the plaintiffs' bill on this branch of the case consisted of "board, services and medical attendance" at Bangor Anti-Tuberculosis Camp in November, 1913, and February, 1914, at Eastern Maine General Hospital in January, 1914, and at the Fairfield Sanatorium for Tuberculosis from May, 1914, to September, 1915, a total expenditure of $476.11, covering a period of ninety-two weeks, or practically five dollars per week.

The defendants contend, both in exceptions and in argument, that as a matter of law these charges cannot be recovered as pauper supplies. We find ourselves unable to accede to this view.

R. S., 1916, Chap. 29, Sec. 33, provides that "Overseers shall relieve persons destitute, found in their towns and having no settlement therein," and the expenses so incurred may be recovered of the town chargeable with the support of the pauper. The statute does not prescribe the manner in which nor the extent to which the relief shall be administered. That must depend upon the facts and conditions connected with each call for assistance. The governing rule is that the relief shall be reasonable and proper. It must be suited to the particular needs of the destitute person, whether they be food or clothing or shelter or medical or surgical assistance, or all together. So, too, the situation of the sick admits of such infinite variety that no arbitrary rule for their treatment can be laid down. While the right of reimbursement is purely statutory, being conferred by positive provisions of law, and is not based upon any equitable considerations, yet it is the right and duty of the court to view the nature and extent of the relief in the light of present day conditions. Nursing and medical services have always been deemed included in pauper supplies. The necessity of such services in the case at bar is admitted. Had they been rendered at the patient's home perhaps no complaint would have arisen. The fact that they were rendered at an institution within this State specially equipped for the treatment of tuberculosis should not of itself place such services outside the pale of the statute. Such beneficent institutions were unknown a generation ago, but their worth is now universally conceded. The test in all cases must be the reasonableness and propriety of the relief provided, and it must certainly be admitted that nowhere can this particular disease, infectious in its nature, be more properly treated than in institutions such as these. Not only can relief be afforded, and the danger of infection avoided, but the patient may be restored to

permanent health and a life saved to the community. As was said by the court in discussing the duty of overseers in a case not strictly analagous, "Any other rule in a case like the present would permit the ravages of disease to outrun the benevolence of the statute." *Perley* v. *Oldtown*, 49 Maine, 31-34.

The expense incurred here, an average of five dollars per week, including board, nursing and medical attendance, was not extravagant and the misfortune of a father's pauperism ought not to deprive a sick child in these enlightened days of the reasonable means of treatment and care. Any other doctrine affronts the dictates of humanity.

It is settled law in this State that "when the overseers act in good faith and with reasonable judgment touching the necessity of relief of persons found in need their conclusions will be respected in law." *Hutchinson* v. *Carthage*, 105 Maine, 134; *Bishop* v. *Hermon*, 111 Maine, 58. Their conclusions with regard to the nature and extent of relief should in like manner be respected. In neither case will their decision be final but as they are officers sworn to do their duty it is presumed that they act with integrity until the contrary is shown. *Portland* v. *Bangor*, 42 Maine, 403, 410; *Bishop* v. *Hermon*, before cited.

Here it is admitted that the overseers of the plaintiff town acted upon the advice of a physician after his examination and treatment of the afflicted patient and upon the recommendation of the visiting nurse. They evidently met the problem as they found it and solved it with sound discretion.

The defendant further contends that as the pauper was suffering from tuberculosis, which is declared by R. S., 1916, Chap. 19, Sec. 9, an infectious and communicable disease, this case should have fallen under the control of the local board of health, which under section 69 of that chapter might place the patient in quarantine and charge to the town all supplies for food and medicines.

This contention is without force. Chapter 19 relates to the public health and the prevention of contagious diseases. It has no application in the case at bar. That chapter affects the affluent as well as the destitute and it is expressly provided that supplies furnished thereunder shall not be charged to the pauper account but to the incidental expenses of the town. Sec. 71. They are in no sense pauper supplies. *Eden* v. *Southwest Harbor*, 108 Maine, 489, 495.

Here the supplies were furnished by the overseers of the poor and to persons who were destitute and in need of immediate relief. The admitted facts bring this case within chapter 29, relating to the care of paupers, and not within chapter 19 relating to the care of those afflicted with an infectious disease.

It should be added that the question of the reasonableness and propriety of the relief furnished is ordinarily one of fact for the jury under proper instructions from the court, and not a question of law for the court alone. But under the exceptions and the statement of facts in this case, there was no error in the ruling of the presiding Justice on this point. This exception must be overruled.

2. Another item in the plaintiff's bill amounting to fifty dollars, was paid by the overseers to the Children's Home of Portland under a written contract by which that institution agreed to take another minor child, and keep him without further expense to the town. It has been very recently decided that such a commitment is without statute authority and the sum paid is not properly chargeable to the defendants as pauper supplies. *Inhabitants of Freedom* v. *McDonald,* 115 Maine, 525. The presiding Justice instructed the jury pro forma that this item was also recoverable if the plaintiffs succeeded in obtaining a verdict at their hands. This exception must be sustained. The entry will therefore be,

> *Exceptions sustained unless within thirty days from the filing of mandate the plaintiffs remit the sum of fifty dollars with interest thereon. In that event exceptions overruled.*