MILWAUKEE COUNTY, Respondent, vs. CITY OF GREEN BAY, Appellant: BROWN COUNTY, Defendant.

*May 23—June 22, 1946.*

*Thomas C. Dwyer,* corporation counsel of Green Bay, and *Clarence W. Nier,* assistant corporation counsel, for the appellant.

For the respondent there was a brief by *William J. Mc-Cauley,* district attorney of Milwaukee county, *Oliver L. O'Boyle,* corporation counsel, and *Robert P. Russell,* assistant corporation counsel, and oral argument by *Mr. Russell.*

FAIRCHILD, J.   Sec. 49.03 (1), Stats. 1943, provides for local relief of transient paupers.   It states:

"(1) When any person not having a legal settlement therein shall be taken sick, lame or otherwise disabled in any town, city or village, or from any other cause shall be in need of relief as a poor person and shall not have money or property to pay his board, maintenance, attendance and medical aid and shall make a sworn statement setting forth the facts relating to his legal settlement, the town board, village board or common council shall provide such assistance to such persons as it may deem just and necessary. . . ."

It appearing that recipient was "in need of relief as a poor person" the board of public assistance of Milwaukee county

was within the provisions of the statute in giving the relief, and consequently is entitled to reimbursement from the county of legal settlement, Brown county.

There is no question that, aside from the financial resources of recipient's sons, Mrs. Zierhut was totally without financial means. Sec. 49.11, Stats. 1943, provides that, (1) "The father, mother, husband, children and wife of any poor person who is blind, old, lame, impotent or decrepit so as to be, or for any other reason is, unable to maintain himself, shall relieve and maintain such poor person, so far as they are able. . . ." The statute further provides that upon failure of any such relative so to do the said authorities shall apply to the county judge of the county of which such poor person is resident for an order to compel such relief. A notice is required to be served on the person responsible at least fourteen days before a hearing is had to determine liability. The order may then be made specifying the payment of a weekly sum to the person in need.

It is the contention of appellant that this statute must be invoked before the prospective recipient becomes a "poor person" within the provisions of sec. 49.03, Stats. 1943. *Carthaus v. Ozaukee County* (1941), 236 Wis. 438, 295 N. W. 678, cited by the state department of public welfare director in his order and relied upon by appellant is not in point. In that case there was failure of proof of the inability to pay of the young man involved. He was twenty-two years of age, unmarried, living at home, and had never been on relief. In the case at bar, the only question is the legal one of whether a person, otherwise wholly without means, is not a "poor person" because he has relatives legally obligated to support him.

It is our opinion that the trial court was correct in holding that such a person is a "poor person." Sec. 49.11, Stats. 1943, is prospective in its operation. It makes provision for an order for future support and requires a fourteen-day notice to the relative. When faced with the emergency of an immediate hospital case, it is not likely that it was intended to

preclude the individual from receiving relief until action is taken under sec. 49.11, Stats. 1943. The question whether the section can be construed to allow an action against the relative for payment of indebtedness for support already rendered is not involved here.

Further, as is pointed out in the respondent's brief, sec. 49.11, Stats. 1943, employs the term "poor person." It very evidently was contemplated that a person otherwise destitute falls within the category of a "poor person" even though he may have relatives liable for his support.

*By the Court.*—Judgment affirmed.