OUTAGAMIE COUNTY, Appellant, v. TOWN OF BROOKLYN and another, Respondents.

*November 2—November 27, 1962.*

305

306

For the appellant there was a brief and oral argument by *A. W. Ponath,* corporation counsel.

For the respondents there was a brief and oral argument by *Robert Zum Brunnen,* district attorney of Washburn county.

CURRIE, J. The question of the sufficiency of respondent Washburn county's denial of the nonresident notice made pursuant to sec. 49.11 (3) (a), Stats. 1957, which was raised before the department, has been abandoned on this appeal. By the stipulation made at the hearing before the department the parties agreed that the only other question to be tried was "the need of Arthur and Villa Stephan for the relief granted." We deem that the word "need" in the

stipulation raises two issues: (1) Whether Mrs. Stephan actually required relief in the form of hospital and medical care which was furnished her by Outagamie county; and (2) whether the Stephans were in need in the sense of being "dependent person[s]" or "dependent[s]" as defined by sec. 49.01 (4), Stats. 1957.

In view of the foregoing, the issues on this appeal are essentially these:

(1) Under the applicable relief statutes were the relief officials of Outagamie county vested with discretion to determine: (a) Whether and to what extent Mrs. Stephan was in need of hospitalization and medical care; and (b) whether the Stephans were "dependent person[s]" or "dependent[s]" within the meaning of these statutes?

(2) To the extent that Issue (1) is answered in the affirmative, is there competent evidence in view of the entire record which supports the department's determination that there was no abuse of discretion?

(3) To the extent that Issue (1) is answered in the negative, is there competent evidence in view of the entire record which shows that Outagamie county complied with the statutes in furnishing hospital and medical care to Mrs. Stephan, so as to be entitled to the order of reimbursement entered by the department?

Respondent Washburn county contends that the question of abuse of discretion by the relief officials of appellant Outagamie county is not an issue in this case. Respondent maintains that the issues before the department were: (1) Whether Mrs. Stephan was in need of the hospital and medical care supplied by appellant county; and (2) whether the Stephans, at the time appellant county furnished the hospital and medical care, were "dependent" persons within the meaning of sec. 49.01 (4), Stats. 1957. On the other hand, the department's Conclusion of Law No. 1 shows that it felt that the issue before it was whether the relief author-

ities of Outagamie county acted in bad faith or abused their discretion in granting relief to the Stephans. Appellant Outagamie county takes the position that the department correctly defined the issues.

If Washburn county has correctly defined the issues, then Eggert's testimony is clearly hearsay and this hearsay testimony stands uncorroborated by other competent evidence. If, however, the issue is whether the Outagamie county relief authorities acted in bad faith, or abused their discretion, then Eggert's testimony with respect to the substance of conversations had with other persons during the course of his investigation is not hearsay. This is because the truth of the statements made to Eggert by these other persons concerning the financial condition of the Stephans, and the need of Mrs. Stephan for hospital and medical care, is not required to be proved by respondent county. Rather, under this premise, the required proof centers on whether these persons interviewed by Eggert did make the statements attributed to them by him in his testimony. Eggert's testimony that these statements were made to him is no more hearsay than would be the testimony of any witness with respect to any observation personally made by him. *Auseth v. Farmers Mut. Automobile Ins. Co.* (1959), 8 Wis. (2d) 627, 630, 99 N. W. (2d) 700. See also definition of hearsay evidence, McCormick, Evidence (hornbook series), p. 460, sec. 225.

This court in *Holland v. Cedar Grove* (1939), 230 Wis. 177, 181, 282 N. W. 111, 282 N. W. 448, stated:

"While the question does not seem to have been considered in this state, it has been held in other jurisdictions under statutes similar to sub. (1) [of sec. 49.03, Stats. 1935] that the state commits to the municipal authorities the *quasi*-judicial duty of determining first whether the person is in need of relief, and, second, what amount should justly be allowed for relief. It has been held that where they act in good faith and without abuse of discretion their

action is not subject to review. *Hardin County v. Wright County* (1885), 67 Iowa 127, 24 N. W. 754; *Board of Commissioners of Warren County v. Osburn* (1892), 4 Ind. App. 590, 31 N. E. 541; *Wood v. Boone County* (1911), 153 Iowa 92, 133 N. W. 377, 39 L. R. A. (N. S.) 168."

See also *Dane County v. Barron County* (1947), 249 Wis. 618, 26 N. W. (2d) 249. Other authorities which support the rule in the *Holland Case* are: *Bethel v. Hanover* (1955), 151 Me. 318, 118 Atl. (2d) 787; *Machias v. East Machias* (1917), 116 Me. 423, 102 Atl. 181; *Foster v. Yates County* (1937), 163 Misc. 784, 298 N. Y. Supp. 862; *In re Kinney* (1934), 151 Misc. 769, 272 N. Y. Supp. 520; *In re Chamberlain* (1911), 73 Misc. 256, 132 N. Y. Supp. 681; 41 Am. Jur., Poor and Poor Laws, p. 696, sec. 21; and 70 C. J. S., Paupers, p. 154, sec. 72 b.

Sec. 49.03 (1), Stats. 1935, the subsection construed by the court in the *Holland Case, supra,* directed the town or village board or the common council to "make such allowance for such board, maintenance, nursing, medical aid, and burial expenses as it shall deem just, . . ." The Outagamie county relief authorities were directed to give relief to the Stephans by sec. 49.02, Stats. 1957, which stated: "Every municipality shall furnish relief," which, as defined by sec. 49.01 (1), Stats. 1957, included, "such services, commodities, or money as are reasonable and necessary under the circumstances to provide . . . medicine, medical . . . and surgical treatment (including hospital care) . . . [and] nursing, . . ." [1] Under these statutes, the relief authorities

[1] Sec. 49.01 (1), Stats. was amended by ch. 462, Laws of 1961, which added the following sentence: "The relief furnished, whether by money or otherwise, shall be at such times and in such amounts, as will in the discretion of the relief official or agency meet the needs of the recipient and protect the public." This amendment would appear to be a codification of the rule quoted above in the *Holland Case, supra,* insofar as it applies to the nature and extent of relief furnished.

of Outagamie county were granted considerable discretion in determining the type and amount of relief which they could grant to the Stephans.

In view of the foregoing, we conclude that the exercise of discretion by the Outagamie county relief officials was controlling on the question of whether Mrs. Stephan was in need of the hospital and medical care provided by the county in the absence of any showing of bad faith or abuse of discretion. The evidence presented at the hearing clearly supported the department's determination that the relief authorities did not act in bad faith or abuse their discretion. The department did not err in admitting Eggert's testimony concerning his investigation of Mrs. Stephan's need for hospital and medical care because it was both relevant and material on the issues of bad faith and abuse of discretion.

The relief authorities were not, however, given discretion in deciding whether the Stephans were "dependent persons" within the meaning of sec. 49.02 (2), Stats. 1957, which required that any relief furnished by a county to persons not having legal settlement therein be given *"only to all eligible [2] dependent persons."* (Italics supplied.) To the extent that the rule quoted above from the *Holland Case, supra,* gave discretion to the relief authorities to determine both the dependency of a person and the extent of his need, we deem the word "only" in sec. 49.02 (2), Stats. 1957, sufficient to remove the determination of dependency from that rule. A "dependent" is defined by sec. 49.01 (4), Stats. 1957, as a person "without the present available money or income or property or credit, or other means by which the same can be presently obtained, sufficient to provide necessary commodities and services . . ." that may be furnished as relief. The question of the Stephans' status as dependent persons at the time relief was furnished to Mrs. Stephan

[2] The qualifying word "eligible," in sec. 49.02 (2), Stats. 1957, is defined by sec. 49.01 (7), Stats. 1957, and, as applied to the Stephans, does not present an issue in this case.

presented a question of fact for determination both by the Outagamie county relief authorities and thereafter by the department. Cf. *Dane County v. Barron County, supra,* at page 626; *Holland v. Belgium* (1886), 66 Wis. 557, 559, 29 N. W. 558. Eggert's testimony on this question at the hearing before the department was clearly hearsay. The only other evidence, in support of the relief authorities' determination that the Stephans were dependents, was Arthur Stephan's written application for public assistance dated November 3, 1959, and verified by his affidavit, in which he listed and described their financial resources and property. This also constituted hearsay evidence on the question of dependency. Without deciding under what circumstances hearsay evidence may be admissible before an administrative agency,[3] we hold that it should not be received over objection where direct testimony as to the same facts is obtainable. Here Outagamie county made no showing that the direct testimony of the Stephans with respect to their financial resources and property could not have been secured through service of a subpoena upon them or the taking of depositions.

While we hold that a finding of dependency could not be based upon the hearsay evidence presented at the hearing

---

[3] Ralph M. Hoyt in his article, The Wisconsin Administrative Procedure Act, 1944 Wisconsin Law Review, 214, 223, states, "Nevertheless, the courts have never permitted these bodies [administrative agencies] to ground their findings upon testimony which violates fundamental principles of probative force—for instance, upon uncorroborated hearsay or rumor." The author cites *Consolidated Edison Co. v. National L. R. Board* (1938), 305 U. S. 197, 230, 59 Sup. Ct. 206, 217, 83 L. Ed. 126, 140. For an analysis of the applicable federal and state cases see 2 Davis, Administrative Law Treatise, p. 291 *et seq.,* secs. 14.10, 14.11, and 14.12. Davis' own position is set out at Id., page 296. This court has never passed on the extent, if any, to which administrative agencies may ground decisions upon hearsay evidence in light of the provisions of sec. 227.10 (1), Stats.

before the department, this does not mean that the circuit court was correct in reversing the department's order. Secs. 49.01 and 49.02, Stats. 1957, required that the county relief authorities, before granting relief to a person having legal settlement in another county, first determine that such person was a dependent within the meaning of sec. 49.01 (4), Stats. 1957. The same presumption of regularity would attach to this determination by the county relief authorities as would attach to the official act of any public officer or board. This presumption is that such officers or boards have properly discharged the duties of their office. *Marshall Drainage Dist. v. Festge* (1956), 272 Wis. 114, 118, 74 N. W. (2d) 616; *State ex rel. Nelson v. Rock County* (1955), 271 Wis. 312, 316, 73 N. W. (2d) 564; *Bohn v. Sauk County* (1954), 268 Wis. 213, 219, 67 N. W. (2d) 288. In this case the Outagamie county relief authorities are presumed to have extended relief to the Stephans only after first determining that they were dependents within the meaning of the relief statutes. The presumption is a rebuttable one, and belongs to that category of presumptions which disappear entirely when any evidence is admitted to the contrary of the fact presumed.

Since Washburn county presented no evidence on the issue of whether the Stephans qualified as dependents, there is no evidence which rebuts this presumption of regularity unless it be the hearsay evidence adduced by Outagamie county. Without abandoning its position that this hearsay evidence was incompetent, Washburn county contends that this evidence does show that the Stephans had financial resources and property sufficient to prevent them from qualifying as dependents within the definition of sec. 49.01 (4), Stats. 1957. It points specifically to the evidence that the Stephans owned a 1953 Ford automobile and 40 acres of land in Washburn county. We find no reason why Washburn county should be precluded from using the incompetent

evidence to rebut the presumption of regularity attending Outagamie county's determination that the Stephans were dependents. Outagamie county is hardly in a position to object because it is responsible for introducing this incompetent evidence into the record.

The record showed that the 40 acres of land, which were purchased in 1942 for $600 and unincumbered in 1959, were "brush and woodland" with a small house thereon in which the Stephans lived "when home." This information appears in Stephan's written application for public assistance. This 40-acre tract with the small house upon it constituted the Stephans' homestead. Sec. 49.06, Stats. 1957, provides in part as follows:

> "No person shall be denied relief on the ground that he has an equity in the home in which he lives or a cash or loan value not in excess of $300 in a policy of insurance. No applicant for relief shall be required to assign such equity or insurance policy as a condition for receiving relief."

The 1953 Ford automobile owned by the Stephans was purchased for $595 in December, 1957. Eggert testified that, according to Stephan, the car "was not in the best of condition but it was paid for." It is a reasonable inference that if the car was purchased for $595 in 1957 it was worth somewhat less two years later when the relief was extended. There is no evidence that it was salable or suitable as security for a loan. Without such evidence, the car would not be "available . . . property" within the meaning of sec. 49.01 (4), Stats. 1957. In any event it was not "sufficient" to provide the $1,214.05 of relief in the form of hospital and medical care needed by Mrs. Stephan. Therefore, we conclude that the evidence with respect to the Stephans' homestead and automobile was insufficient to establish that they were not dependents. Thus Washburn county failed to rebut the presumption of regularity which

arose when the Outagamie relief authorities extended relief to the Stephans.

Washburn county cites the early cases of *Ettrick v. Bangor* (1893), 84 Wis. 256, 54 N. W. 401, and *Rhine v. Sheboygan* (1892), 82 Wis. 352, 52 N. W. 444. In these cases, the persons to whom relief was furnished were later determined not to be "poor persons" within the meaning of sec. 1499, R. S. 1889, because they owned certain real and personal property. The statute involved in those cases merely provided: "Every town shall relieve and support all poor and indigent persons lawfully settled therein, whenever they shall stand in need thereof, except as hereinafter provided." We do not deem the holdings in these two cases controlling in the instant case in light of the provisions of secs. 49.01 (4) and 49.06, Stats. 1957.

The department, in its findings of fact, conclusions of law, and order, made no express finding that the Stephans were dependents within the meaning of sec. 49.01 (4), Stats. 1957, at the time Outagamie county extended the relief in question. Such a finding should have been made as a condition precedent to entering the order which directed Washburn county to reimburse Outagamie county. Nevertheless, since Washburn county failed to adduce any evidence, competent or otherwise, to rebut the presumption of regularity (that the Stephans were properly found to be dependents), the only finding that the department could make would be that they were dependents. Thus it would be a useless act on our part to reverse and remand so that the department could make this finding. Under these circumstances we hold that the judgment below should be reversed and the department's order for reimbursement reinstated.

*By the Court.*—Judgment reversed, with directions to affirm the order of the department.