JAMES T. MCMAHON, Assistant Corporation Counsel, Racine County
You have requested my opinion as to whether a county has the authority to require a recipient of relief to surrender his automobile title and license plates as a condition of continuing to receive relief.
The validity of any county power must be considered in light of the well-established rule expressed in Spaulding v. Wood County
(1935), 218 Wis. 224, 228, 260 N.W. 473:
"* * * the county has only such authority as is conferred upon it by statute. Counties are purely auxiliaries of the state and can exercise only such powers as are conferred upon them by statute or such as are necessarily implied therefrom."
We fail to find any express delegation to counties of the power to condition entitlement to relief upon surrender of automobile title and license plates in either the Motor Vehicle Code, chs. 340 to 350, or ch. 49, Stats., Public Assistance. Nor do these statutes appear to imply any such power. *Page 314 
The authority of counties to administer public relief programs is set forth in secs. 49.02 and 49.03, Stats. Under the terms of these statutes, a county may furnish relief to all eligible dependent persons within the county.
The term "dependent person" is defined as follows in sec. 49.01
(4), Stats.:
"`Dependent person' or `dependent' means a person without the present available money or income or property or credit, or other means by which the same can be presently obtained, sufficient to provide the necessary commodities and services specified in subsection (1)."
Section 49.01 (1), Stats., states:
"`Relief' means such services, commodities or money as arereasonable and necessary under the circumstances to provide food, housing, clothing, fuel, light, water, medicine, medical, dental, and surgical treatment (including hospital care), optometrical services, nursing, transportation, and funeral expenses, and include wages for work relief. The food furnished shall be of a kind and quantity sufficient to provide a nourishing diet. The housing provided shall be adequate for health and decency. Where there are children of school age the relief furnished shall include necessities for which no other provision is made by law.The relief furnished, whether by money or otherwise, shall be atsuch times and in such amounts, as will in the discretion of therelief official or agency meet the needs of the recipient andprotect the public." (Emphasis added.)
In Outagamie County v. Brooklyn (1962), 18 Wis.2d 303,311-312, 118 N.W.2d 201, our Supreme Court held that the question of status as a dependent person is a question of fact for determination by the proper welfare authorities. In so holding, the court, at page 311, overturned the old rule which "* * * gave discretion to the relief authorities to determine both the dependency of a person and the extent of his need. * * *" Finally, pointing to the language set forth in the last sentence of sec. 49.01 (1), Stats., quoted above, the court ruled that the discretion of local relief officials "applies to the nature and extent of relief furnished," but not to the basic decision of whether any relief at all is to be provided. *Page 315 
In other words, if the relief applicant qualifies, as a matter of fact, as a "dependent" under sec. 49.01 (4) Stats., and there are no questions as to legal settlement, the welfare agency must provide him with some kind of relief, under the provisions of ch. 49, Stats. The fact that an applicant owns an automobile is only material to the factual determination of dependency insofar as the auto represents personal property potentially salable or suitable as security for a loan. If the applicant has insufficient resources, then, regardless of car ownership, the agency must aid him.
Nothing in the statutes even remotely implies that any applicant must surrender further condition to receipt of relief.
It will no noted, in fact, that "transportation" is listed among the various "needs" of the dependent person which must receive consideration. Sec. 49.01 (1), Stats. If county officials are concerned that assistance money is being or will be squandered on the use of a motor vehicle, they could solve the problem in another way. The local welfare agency presumably could use the discretion granted to them by the last sentence of sec.49.01 (1), Stats., and make payments in kind or scrip which could not be converted to cash.
The Motor Vehicle Code not only provides no basis for implication of the power in question, but should seem to forbid any county from having such a power.
Section 349.03 (2), Stats., provides:
"No local authority may enact or enforce any traffic regulation * * * in any manner excluding or prohibiting any motor vehicle . . . whose owner has complied with chs. 341 to 348 from the free use of all highways. * * *" (Emphasis added.)
Any county ordinance requiring, for any reason, surrender to county authorities of the license plates and title of an automobile whose owner had complied with chs. 341 to 348, Stats., would clearly seem to violate the express language of this section and would be invalid.
Further, sec. 349.03 (1), Stats., provides that:
"* * * No local authority may enact or enforce any traffic regulation unless such regulation: *Page 316 
"(a) Is not contrary to or inconsistent with chs. 341-348; or
"(b) Is expressly authorized by ss. 349.06 to 349.25 or some other provision of the statutes."
Section 341.63, Stats., gives the administrator of the Division of Motor Vehicles the power to suspend registration of vehicles, and sec. 342.25, Stats., gives the division the power to suspend a vehicle's title. A rule giving the county even limited power to suspend title and the license would appear to be contrary to and inconsistent with these statutes and would, therefore, be invalid.
A county policy of conditioning continued receipt of relief upon surrender of a recipient's automobile license plates and title would appear to be prohibited by the Motor Vehicle Code, which reserves such power to the state, and beyond the scope of authority granted to counties allowing them to operate a public assistance program. We are of the opinion, therefore, that such a policy does not represent a legitimate exercise of authority.
RWW:JCM