## MUSSEL v. TAMA COUNTY.

73 101
106 26
106 504

1. **Paupers:** AID TO: CERTIFICATE OF TOWNSHIP TRUSTEES CONCLUSIVE ON COUNTY. Where a claimant presents to the supervisors of a county a bill for aid furnished a pauper, and there is endorsed on the account a certificate of the trustees of the township where the pauper was cared for, to the effect that the items of the account were necessary and proper for the pauper, and were furnished by the claimant at their request, *held* that such certificate was binding on the county, and that it could not be allowed, in the absence of fraud, to contradict it by the parol testimony of the trustees that the aid was not furnished at their request, or on their order.

2. ———: AID TO IN TOWNSHIP OTHER THAN RESIDENCE. A pauper who is injured in a township of his county other than that of his residence, so that his attending physician forbids his removal, may lawfully be aided, at the expense of the county, upon the order of the trustees of the township in which he is. (Code, § 1365.)

*Appeal from Tama District Court.*

MONDAY, OCTOBER 24.

ACTION to recover for services and aid furnished to a

pauper, as plaintiff claims. Judgment for the plaintiff, and defendant appeals.

*J. R. Caldwell*, for appellant.

*J. J. Mosnat* and *George G. Wright*, for appellee.

SEEVERS, J.—The amount in controversy being less than $100, we are required to determine questions which have been certified by the court.

I. The plaintiff furnished aid to a poor person, as he claims, and upon the account presented to the board of supervisors for allowance was the following: " We, the undersigned, trustees of Salt Creek township, Tama county, Iowa, hereby certify we have carefully examined the within bill, and that the several items thereof were necessary and proper, and were furnished by J. B. Mussel to the pauper therein named, at our request; that the prices charged therefor are reasonable, and that said bill is correct; and we recommend that the sum of $85.40 be allowed thereon. " [Signed by the trustees.] The defendant pleaded that the aid was not "furnished at the request of said trustees, or on their order." And we are asked whether the defendant can be "permitted to show, by oral testimony of said trustees, that such aid was not furnished at the request or by the order of said trustees, and is such certificate conclusive as to the facts certified and thus put in issue." We think this question must be answered in the negative, and that the certificate is conclusive on the county. Under the statute, their determination partakes of a judicial character, and settles the relations of the parties, in the absence of fraud.

*1. PAUPERS: aid to: certificate of township trustees conclusive on county.*

II. It was conceded that the pauper was a resident of Toledo township, but was temporarily in Salt Creek township, and while there his leg was broken. We are asked whether, under such circumstances, the trustees of the latter township could lawfully furnish him aid. It further appears that the physician hav-

*2. ——: aid to, in township other than residence.*

ing the pauper in charge refused to have him moved. This question must be answered in the affirmative. (Code, § 1365.)

AFFIRMED.