T. J. CASE, Appellee, v. DAVIS COUNTY, Appellant.

**Poor persons:** MEDICAL SERVICES: CLAIMS THEREFOR: POWER OF TRUSTEES. Township trustees in authorizing the rendition of medical services for poor persons and in the consideration and allowance of claims therefor act in a *quasi* judicial capacity; and where they have acted upon and rejected a claim for such services the claimant's remedy is by resorting to the courts, or an application to the board of supervisors, and not by presenting the claim to other trustees subsequently chosen, having no knowledge of the merits of the claim, and securing its allowance by them; although the trustees rejecting the claim originally might reconsider and allow it within a reasonable time thereafter.

**Same:** FRAUD: PLEADINGS. Allegations that township trusteees, without knowledge of the merits of a claim which had been rejected by their predecessors at the time the services were performed, allowed the same and certified that the person treated was a pauper, that the claimant and trustees knew that the services were not performed at the direction of the trustees, and were not for one who was then receiving public aid, were sufficient to show fraud on the part of the claimant and trustees.

*Appeal from Davis District Court.*—HON. D. M. ANDERSON, Judge.

WEDNESDAY, FEBRUARY 8, 1911.

ACTION at law to recover for medical and surgical aid rendered to an alleged pauper. Judgment for plaintiff,

and defendant appeals.    The material facts are stated in the opinion.—*Reversed.*

*C. F. Davis,* County Attorney, and *John F. Scarborough,* for appellant.

*H. E. Valentine,* for appellee.

WEAVER, J.—The petition alleges that the services for which suit is brought were rendered to one Charles Box, then being in Fox River township, in said county, and requiring relief at public expense. It is further averred that plaintiff's account and claim for such services properly verified were duly allowed by the trustees of said township, and by them properly certified as correct, but that, when filed with the county auditor and presented to the board of supervisors for allowance and payment, said board rejected the same, and refused to make or order payment of said claim or any part thereof.

As presented to the board of supervisors and as attached to the petition herein, defendant's claim is stated in the following form: "Bloomfield, Iowa, April 6, 1908, Davis County to T. J. Case, Dr.    June 7, 1905.    To medical and surgical services Chas. Box, $187.50 (sworn to).    Allowed $125.00.    We the undersigned trustees of Fox River township, Davis County, Iowa, do certify that the within claim was made upon our order, that the persons herein named were duly declared paupers by us and we have examined the within account and find it correct and unpaid.    Dated April 6, 1908."

In response to a motion for more specific statement, plaintiff itemized his account showing professional visits to and treatment of Charles Box from May 26, 1905, to June 4, 1905, inclusive, of the aggregate value of $187.50. Answering this claim, the defendant states that in certifying the plaintiff's claim the township trustees acted in

bad faith, knowing that the services, if any, rendered by the plaintiff, were not furnished on the order or direction of said trustees or of their predecessors in office, and alleging that Charles Box was not at that time receiving or entitled to receive public aid as a poor person. Further answering, the defendant says that plaintiff, acting fraudulently and in bad faith procured said trustees to make an untrue certificate, knowing well that the services were not performed on the order of the trustees, and that Box was not a poor person entitled to such relief. By amendments to the answer, the foregoing allegations are more fully elaborated and the fact reasserted that the certification of the account and claim was false and fraudulent, and so known to be at the time by the township trustees, at least two of whom were not incumbents at the time said services are alleged to have been rendered. It is also alleged in various ways that plaintiff presented his claim to said township trustees, knowing that it was without merit, and procured its said certification, knowing it to be false, and for the purpose of defrauding the county by securing the allowance and payment of a claim with which the county ought not to be charged. It is still further alleged that, soon after the date when the alleged services were rendered, plaintiff presented his claim to the township trustees then in office, who twice rejected and refused to allow the same, and, that the man Box having died, plaintiff filed a claim against his estate in which for the same services for which he now demands $187.50 from the county he claimed and demanded only $57, by reason of all of which he is estopped from maintaining this action.

To the amended answer plaintiff demurred on grounds stated as follows:

(1) The allegations of the answer do not constitute a defense to the plaintiff's claim.

(2) The amendment shows that a certificate, as pro-

vided by law, has been made by the trustees of Fox River
township, allowing the claim of plaintiff, and that such
certificate is conclusive on the defendant and settles the
relations of the parties.

(3) The defendant can not be permitted to show in
the face of said certificate that such aid was not furnished
at the request or by the order of said trustees.

(4) The fact that the person treated had no legal
settlement in Davis County, Iowa, is no defense, as the
pleadings affirmatively show that said person was at the
time residing in Fox River township, Davis County, and
the defendant can not be permitted to show such fact in
the face of said certificate.

(5) The fact that the certificate was made by trus-
tees, who were not such at the time the services were ren-
dered, is no defense, since they in fact allowed plaintiff's
claim.

(6) The facts alleged in said amendment do not con-
stitute fraud, for the reasons that the allegations of said
amendment affirmatively show that all parties acted upon
full and complete knowledge and information as to the
facts, and that said trustees were not deceived by any
statement of the plaintiff, nor do the allegations thereof
allege that any one was deceived or misled by any act of
the plaintiff.

(7) The filing of the claim against the estate of Box
was not an election barring the plaintiff from the right
to pursue his remedy against the county.

The court sustained the demurrer, holding (1) that in
this proceeding the county can not be heard to question
the legal residence of Box in Davis County, or to deny
his necessitous condition at the time the services were
rendered; (2) that plaintiff is not estopped by his act in
filing a claim against the estate of Box or by the fact that
his bill so filed is for a much less amount that is stated
in his claim against the county; (3) that, even if the ser-
vices were originally rendered without the order or sanc-
tion of the township trustees, the subsequent certification
and approval by those officers cured the defect; (4) that
the presentation of the claim to the trustees and its rejec-

tion by them in 1905 were not a bar to its presentation and allowance by their successors in 1908; and (5) that, the allowance of the claim by the trustees in 1908 having been made with the full knowledge of all the facts, the matters and things alleged in the answer are insufficient to sustain the claim of fraud in the procurement of said allowance.

The defendant refusing further to plead, and electing to stand upon its demurrer, there was a judgment in plaintiff's favor. Defendant appeals.

The correctness of the first, second, and third of the conclusions of the trial court as abstract propositions of law may, we think, be conceded. *Armstrong v. Iowa County,* 34 Iowa, 309; *Mussel v. Tama County,* 73 Iowa, 101; *Hardin County v. Wright County,* 67 Iowa, 127; *Taylor v. Woodbury County,* 106 Iowa, 504.

Upon the next question, the effect of the presentation of the plaintiff's claim to the township trustees soon after the services were rendered and its rejection by that board, we are of the opinion that the trial court was in error. The trustees who authorize the service, or have jurisdiction in matters of poor relief at the time the services are rendered and bill presented, constitute a *quasi* judicial body for the consideration and allowance or rejection of the claim. Having once acted, if the claimant is not satisfied with the finding, his remedy, as we view it, is and ought to be by resort to the courts or by direct application to the board of supervisors. To say that, when his claim is rejected, he may await any number of years short of the statutory period of limitations when other trustees who may have no knowledge of the merits of the case have succeeded to the office, and then renew his claim and secure its allowance, would be to open the door to many abuses. In many instances neighborhood politics would be subject to quiet manipulations by persons

1. POOR PERSONS: medical services: claims therefor: power of trustees.

desiring the election of trustees who may be depended upon to reverse the orders of their predecessors in office, and give validity to claims which have once been duly considered and refused, and a precedent which makes such things possible ought not to be lightly established.    By this we do not mean to say that a board of trustees having once rejected a claim may not within a reasonable time reopen its consideration, and, if so convinced, reach an opposite conclusion and approve it; but that is not the case revealed in this record.    Though not directly in point in its facts, the case at bar is somewhat analogous in principle to *Brickley v. Westphal,* 134 Iowa, 266, where we held that, although the board of supervisors of the county has an undoubted right acting with reasonable promptness to correct its record, it could not after a lapse of several years undertake to make a change therein which would in any manner affect public rights, fixed by or dependent upon the record as originally made.

The further conclusion of the trial court that the answer does not sufficiently charge fraud in the procurement of the allowance we are disposed to hold was also

2. SAME: fraud: pleadings.    erroneous.    For the purposes of this phase of the case, the demurrer admits the truth of the allegations of the answer which are in substance that the certification of the plaintiff's claim was applied for and granted in bad faith both on his part and on part of the trustees who granted his request after said claim had been twice duly rejected by the trustees who were in office when the services were performed and presumably had more intimate knowledge of the merits of such claim. It is also thus admitted that this certification was made with full knowledge on part of the plaintiff and of the trustees that the services were not performed upon the direction or request of the township trustees, and for a person who had not applied for and was not then receiving public aid as a poor person.    In other words, the

statement of the answer is to the effect that the plaintiff performed services for a patient in the ordinary course of his practice, and, finding the patient unable to pay the bill thus made, he presented it to the trustees for certification as a proper charge against the county, and the trustees with full knowledge of these conditions approved it for payment. Assuming, as we must upon this appeal, the truth of this answer, we think the charge of fraud and collusion is sufficiently alleged. While the previous order or request of the trustees may not always be necessary as the foundation of a claim against the county for relief furnished the poor as is indicated in *Taylor v. Woodbury County, supra,* and while the decision of the trustees, acting in good faith, that a person is a proper subject for public aid is not ordinarily reviewable by the board of supervisors as indicated in *Hardin County v. Wright County, supra,* it has never been held, and it would be a most mischievous rule to establish, that a physician, merchant, or other person may by securing a certificate from a complaisant board of township trustees make the county his debtor for an uncollectible bill contracted by an impecunious customer, patron, or patient. Yet this is substantially what the answer alleges was done in the case before us, and, if the proof should bear out the allegation, it ought to be and we hold would be a good defense. To hold otherwise is to say that the county is helpless to protect itself against gross imposition.

The demurrer to the answer should have been overruled. The judgment below must be reversed and cause remanded for further proceedings in harmony with this opinion.—*Reversed.*