GEORGE LACY, Appellant, v. MONONA COUNTY, Appellee.

COUNTIES: Medical Services to Indigent Sick—Conditions Prece-
1  dent. Physicians who professionally treat indigent persons for contagious or infectious diseases may recover the value of such services from the county, *provided* they (a) secure from the local board of health, or from its duly empowered clerk, *prior to the rendition of such services*, a personal, authorizing, written order for such services, and (b) attach such order to their bill at or before the same is presented to the local board for audit.   (See Sec. 2571-a, Code Supp., 1913.)

COUNTIES: Estoppel to Plead Defense. Failure of the board of
2  supervisors to assign any reason for the rejection of a claim, works no estoppel on the county, when sued on the claim, to urge any fatal and irremediable defect in the claim.

*Appeal from Monona District Court.*—JOHN W. ANDERSON, Judge.

DECEMBER 14, 1918.

ACTION by a physician against the county to recover for services rendered to patients suffering from smallpox. The opinion states the facts. Judgment for defendant in the court below. Plaintiff appeals.—*Affirmed.*

*C. E. Underhill* and *H. L. Robertson,* for appellant.

*Miles W. Newby,* for appellee.

GAYNOR, J.—This action is brought by the plaintiff, a physician, to recover from the defendant county for professional services rendered and medicine furnished to certain persons who were afflicted with small-

1. COUNTIES: medical services to indigent sick: conditions precedent.

pox, and who were then in quarantine under the order of the clerk of the local board of health of Sherman Township, Monona County, Iowa.

At the time, plaintiff was health officer, appointed by the township trustees of Sherman Township. The services were rendered at the oral request of the township clerk and the board of trustees of said Sherman Township, acting as a board of health. An itemized statement of the services rendered, and to whom rendered, was attached to plaintiff's petition. No question is made as to the fact that services were rendered, or as to the amount charged for services rendered. The plaintiff's account was certified to by the township clerk and the township trustees before the same was filed with the board of supervisors, in the following words:

"To the Board of Supervisors of Monona County, Iowa.

"This is to certify that the bill herewith attached * * * are correct, now due and no part paid. The services were rendered at our request, and under our supervision. The people served are poor and they and those liable for their support are unable to pay. The charges are the same as we have been paying in like cases and are correct.

But in view of the fact that some of the families visited were close neighbors, and Dr. Lacy saved some time and travel and livery bill, he will discount these bills $91.50, if promptly paid, leaving amount of bills $400, and we recommend the same be paid.

"Attest: Harry Torticill, Township Clerk,

> "Local Board of Health.
> "Bert Seitzinger, Trustee,
> "Anton Nikolaison, Trustee,
> "John R. Grapes, Trustee."

A copy of this certificate was attached to the bills, when filed with the auditor of Monona County. The bills were not sworn to by the plaintiff at the time they were certified by the local board, but were sworn to before finally submitted to the board of supervisors. The bills were rejected by the county, and no reason given for the refusal.

The plaintiff, in an amendment to his petition, alleges: That the defendant county waived any objection to the matters now urged against the allowance of the bills, because, in rejecting the bills, they did not specify this as ground of objection; that they made no objection to the form of the bill, or that the written order was not made by the local board of health and attached thereto before said services were rendered, and made no objection to the form of the certificate.

2. COUNTIES: estoppel to plead defense.

The bill being disallowed by the county, this action was brought in the district court to recover the amount claimed against the county. The facts herein set out were alleged in the petition. The defendant demurred to the petition in the following words:

"That the facts stated in the petition do not entitle the plaintiff to the relief demanded, in that the petition does not show that a written order employing or designating the plaintiff to furnish supplies or perform, render, or furnish the services, as alleged by him, was ever issued to the

plaintiff by the local board of health, or by any other person or persons having authority, before such alleged supplies and services were actually furnished; and no such written order issued by said local board of health is attached to said alleged bill, filed with the auditor of the county, or was attached when presented for audit and payment, all as required by Section 2571-a of the Supplement of the Code of 1913.

"2d. That the petition shows on its face that the attached bill was certified to a year after the alleged services are claimed to have been rendered, and after there was an entire change in the personnel of the local board of health or township trustees; that said bill was never audited and approved by the local board of health existing at the time the services and supplies were furnished, and that the said bill was not audited or approved at the next regular meeting or special meeting, or found correct, after said alleged services were rendered."

This demurrer was sustained, plaintiff's petition dismissed, and plaintiff appeals.

This case turns upon the proper construction to be given to Section 2571-a, which, so far as material to this case, reads:

"All services and supplies furnished to individuals or families under the provisions of this section must be authorized by the local board of health or by the mayor or township clerk acting under standing regulations of such local board, and a *written order therefor* designating the person or persons employed to furnish such services or supplies, issued before said services or supplies were actually furnished, shall be attached to the bill when the same is presented *for audit and payment.*   *   *   *   All bills and expenses incurred in carrying out the provisions of this section   *   *   *   shall be filed with the clerk of the local board of health. This board at its next regular meeting or

special meeting called for the purpose shall examine and audit the same and if found correct, approve and certify the same to the county board of supervisors for payment."

The bill, as presented by the plaintiff to the board of supervisors, and the bill on which this suit is predicated, complied with all the requirements of this statute, except that there was no written order designating the plaintiff as the person employed to furnish the services, before the services were actually furnished, and no such order was attached to the bill or account when the same was presented to the local board for audit and payment. It is conceded that the plaintiff was not ordered, in writing, to furnish these services, either by the local board of health or by the township clerk, acting under the standing regulations of such local board. It follows, then, that there could be no written order attached to the bill when presented to the local board for audit, and there could be no written order attached when presented to the board of supervisors for audit and payment. Therefore, any objection urged, at the time, to the bill on that account, could not have been remedied by the plaintiff had his attention been called to it by the board of supervisors at the time the account was disposed of. The showing made before the board in every particular complied with the statute, except that the services for which recovery was sought were not ordered in writing, and no writing designating plaintiff as the person to perform the services was attached to the bill when the same was presented for audit and payment.

The facts upon which plaintiff relies are simply these: He is a practicing physician. He was appointed health officer under the local board of health, under the provisions of Section 2568 of the Code of 1897, which, so far as material to this matter, reads as follows:

"The town, city or township clerk shall be clerk of the local board, which board shall appoint a competent physi-

cian as its health officer, who shall hold office during its
pleasure.    It shall regulate all fees and charges of per-
sons employed by it in the execution of health laws and its
own regulations and those of the state board of health."

This health officer's fees or compensation are fixed by
the local board.  His duties do not require him to render
services to the sick.  His duties are to assist the board in
discharging those duties which the law imposes upon the
board.    There is nothing in this statute that extends to
him the right to administer to the sick of the township at
the expense of the county.' When he renders services to
those afflicted with contagious diseases, he is governed, like.
any other physician, by the provisions of Section 2571-a.
The liability of the county is purely statutory, and to ren-
der the county liable, the requirements of the statute must
be observed.  The township boards of health, in so far as
they act in the matter, bind the county only by the obser-
vance of those conditions prerequisite to creating an ob-
ligation on the part of the county.

This brings us to consider whether or not the re-
quirements of the statute, that the order shall be made by
the township board, or its clerk, in writing, before the
services are rendered, designating the person who shall
render the services, is a condition precedent to the right to
bind the county for the services when rendered,—whether
this is mandatory, or merely directory.

The provisions as found in Section 2571-a, hereinbe-
fore recited, did not exist in previous statutes.  The legis-
lature undoubtedly had before its mind some evils which
these provisions in the statute were intended to remedy.
The words used, in their ordinary signification and in their
general use, are of mandatory signification.  Undoubted-
ly, the legislature recognized the fact that the boards of
health of the several townships had been, to say the least,
careless in certifying bills to the boards of supervisors for

payment, in matters of this kind; that designing physicians
had secured from these local boards a certification of bills
to the county boards for payment, when, in fact, the serv-
ices were rendered without any expectation, at the time, of
obtaining payment from that source,—when they were ren-
dered, in fact, in reliance upon the ability of the person to
whom the services were rendered, to make compensation for
the services; that bills have been held up by these physi-
cians in the hope of securing payment from the persons to
whom the services were rendered; that, being disappoint-
ed in obtaining payment from this source, the matter was
then turned over to the local board, with a request that the
same be certified to the board of supervisors for payment
by the county; that sometimes these bills were held until
after the personnel of the local board had changed, and then
certificates were procured from a board that had no knowl-
edge of the conditions which made the services necessary,
and no knowledge of the character or extent of the serv-
ices required or rendered.

In the instant case, the bill was held up a year, before
it was presented to the local board. It was undoubtedly the
thought of the legislature that, to protect the public from
imposition, it was right and just that the person rendering
the services be required to procure from the local board, be-
fore the services were rendered, some written evidence of
the fact that, in the judgment of the board, the services
were proper and necessary to be rendered at the expense of
the county, and that a written order, designating the per-
son to render the services, should be made by the local
board, before the services were rendered: that is, that the
need and advisability of rendering the services at the ex-
pense of the county should be passed upon and be evidenced
in writing, together with the designation of the person by
whom the services should be rendered, before they were
rendered; and that this written order should be pre-

sented with the bill, at the time it was presented for
audit and payment. Thus, and in this way, the neces-
sity or need of this service at public expense would be
made manifest and certain. The statute does not
directly say that the bills shall not be allowed unless this
order is attached, yet it is apparent that the provision of
the statute was made to avoid frauds and impositions, and
the requirement of the writing was evidently intended to
avoid frauds and impositions,—frauds and impositions up-
on the people of the county. So the provision was made
that, at the time bills for this kind of services were pre-
sented for audit and payment, there should be a written or-
der, from either the board of health or its clerk, acting un-
der proper regulations of the board, evidencing the fact that,
before the services were rendered, the attention of the board
was called to the fact of the need of the services, and that
the board, in writing, ordered and directed the services to
be rendered. The only ground upon which the bill could
have been rejected entirely by the board is that the serv-
ices sought for were not ordered in writing by the town-
ship trustees before the services were rendered, and that
no written order, evidencing the fact, was attached to the
bill at the time it was presented for audit and payment.
We must assume, therefore, that this was the ground upon
which the bill was rejected by the board of supervisors.
The plaintiff knew this fact, as well as the defendant. It
was not incumbent upon the board to inform him of the
fact that he had not complied with the law, because that
fact was well known to him; and, even if it had informed
him at the time it rejected his bill, he could not have reme-
died the fact by procuring an order at that time. There-
fore, those rules which have been recognized,—to wit, that,
where one refuses to perform on one ground, and then, up-
on suit, seeks to avoid upon another ground, which could
have been remedied had the attention of the claimant been

called to that particular ground, he is estopped to avail himself of any ground other than the one upon which he acted,—do not apply in this case. None of the prior decisions of this court are of service in solving this question. The history of litigation shows the purpose of the legislature in enacting this statute. In *Taylor v. Woodbury County,* 106 Iowa 502, 503, this court held that, though the services rendered a pauper were not authorized by the township trustees before they were rendered, yet, if they ratified the services thereafter, by a written certificate, the county could not defend on the ground that they were not originally ordered by the trustees; that the trustees could ratify what they could in the first place have ordered. Under this ruling, it was found, no doubt, that advantage was taken of the board in this: that the services were often rendered by physicians to paupers, in reliance upon the ability of the pauper or his relatives to pay for the services. Bills were permitted to run on unpaid. Thereafter, trustees friendly to the physician were inducted into office, and were induced to approve and certify the bills, and the counties were made liable. It is a well-known fact that the personnel of boards of health changes; that services may be rendered at one time by a physician which would not be authorized by the board as then constituted; that, after the personnel of the board has changed, and the need or necessity for the services is no longer before the board, a physician secures approval from the board of health, and a certificate to the board of supervisors, for payment for services rendered a year or two years before. It was held by this court that the board of supervisors cannot go back of the certificate of the trustees, and so the county is made liable for services which would not have been authorized by the trustees at the time the services were rendered, and for services for the payment of which the one performing had no thought of looking to the county, until it was found that the parties

to whom the services were rendered would not, or could not, pay for the same. See *Mussel v. Tama County*, 73 Iowa 101. In that case, the county pleaded that the services rendered were not furnished at the request of the trustees, or on their order, and this court was asked to determine whether or not the county could be permitted to show this by oral testimony. The answer was that a certificate is conclusive on the county; that the determination of the board of health or township trustees was of a judicial character, and settled the relation of the parties, in the absence of fraud. So, to avoid these complications, and to make sure that the services were rendered at the request of the proper authorities, this provision of the statute was enacted. It is no hardship to require one who seeks to hold another for services rendered, for which the one sought to be charged is only secondarily liable, to show that the authority to do the act was given him, in writing, by the body by whose authority it is sought to bind the party charged. So the rule is not unreasonable, nor is it a harsh rule. It may, in this particular instance, work a hardship; but the rule is made for the protection of the public,—for the protection of the public against designing and unscrupulous men,—and is general in its application, and is mandatory in its character; and, therefore, the fact that it works a hardship in an individual case, does not deprive the rule of its efficacious qualities, or make it an unjust or unreasonable rule in its general application.

We are satisfied that the board was justified in refusing this claim, on the simple ground that there was no evidence accompanying the claim, such as the statute requires. There was no written evidence that the local board of health had determined the need of the services, or had appointed plaintiff to render them. The plaintiff may suffer, in this particular case; but it is because of the application of a salutary rule, which he should have known and observed,

if he had the thought of holding the county liable for the services rendered to these individuals. The court was right, therefore, in sustaining the demurrer, and its ruling is— *Affirmed.*

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.